J. R. MILLS *vs.* R. BRIGGS.

---

ON APPEAL.

THE SOLE GROUNDS OF RELIEF in equity against a judgment of a Court of law are for accident, fraud, mistake or surprise, and where, on account of one or more of these causes, it would be against conscience to execute the judgment.

J. R. Mills *v.* R. Briggs.

A judgment at law should not be lightly interfered with in equity. The discovery of fresh evidence, except in rare instances, and where the Court feel absolutely sure that a wrong has been done by the judgment attacked, is not sufficient upon which to set aside or modify a judgment.

A motion for new trial before judgment entered, and a bill to set aside or modify a judgment are to be very differently treated.

Opinion of the Court by Austin, J.

The only grounds on which relief is claimed in the bill against the judgment at law entered in the Supreme Court in favor of the present defendant against the present plaintiff for $2,000 damages are, that the plaintiff was taken by surprise on the trial of that case, and that since the trial he. has discovered evidence which is material and not cumulative and which probably would have modified the result of that trial.

The effort to obtain relief on the ground of surprise has, we think, very properly been abandoned on the argument before us. Only the other ground referred to remains.

There is no allegation or claim of fraud or mistake.

The sole grounds of relief in equity against a judgment of a Court of law, as shown by the authorities cited by the Chancellor in his opinion, are for accident, fraud, mistake or surprise, and, where on account of one or more of these causes, it would be against conscience to execute the judgment.

In Kerr on Injunctions, p. 23, cited by the Chancellor, it is said that "The mere fact of the discovery of fresh evidence is not a sufficient ground for the interference of the Court." At the most the discovery of fresh evidence is all that can be claimed here. A judgment at law should not be lightly interfered with in equity. As matter of fact, in rare instances, even upon the ground merely of new evidence, judgments at law have been enjoined or modified in equity; but such cases have been only where, by the result before, and what was offered now, it seemed to be absolutely sure to the Court that a wrong had been done by the judgment attacked; and that it ought not to be enforced. That is not this case. At the

J. R. Mills *v.* R. Briggs.

most, what is presented here raises a doubt as to whether the judgment ought not to have been less than it was. The Court can see that the evidence, if presented in the Court below, would have been disputed, at least by the present defendant, and it might not have been believed by the jury.

We cannot say, in the light of this new evidence, that the judgment below was against good conscience or that it ought to be modified or changed in any respect. That there is a chance that it might have been so changed is no ground for relief in this Court against a judgment at law, even though it were possible that we should think that if the motion in the Supreme Court had been made in time, it ought to have secured a new trial.

A motion for a new trial on the ground of newly discovered evidence, in the Supreme Court, before final judgment entered, and a bill in equity after final judgment, to attack it for a similar reason, are to be very differently treated. In the latter case the Court of equity must deem it conclusively shown that injustice has been done, otherwise the judgment must not be disturbed.

No such case is made by the bill of complaint, and the demurrer must be sustained, and judgment absolute upon it be directed for the defendant.

But on further consideration the Court are now of the opinion that the plea in bar is not well made.

A. S. Hartwell for plaintiff.

S. B. Dole for defendant.

Honolulu, August 15, 1882.