MAKALEI *et al. vs.* D. HIMENI.

APPEAL FROM DECISION OF PRESTON, J., ON QUESTION OF A
REHEARING.

OCTOBER TERM, 1887.

JUDD, C.J., McCULLY, PRESTON AND BICKERTON, JJ.

Whether a Justice will re-open a case for a new hearing after his
final decree made and not appealed from, is a matter of judicial
discretion from which appeal does not lie.

New counsel taking up a case must take it where they find it.

The appeal refused.

OPINION OF THE COURT, BY McCULLY, J.

In this case the defendant, by M. Thompson, his counsel,
claims an appeal to this Court, on " the 13th of September, 1887,
from the decision of Mr. Justice Preston, of the 5th day of
September, dismissing the defendant's application to reconsider
this case and remand certain accounts to the master, and also
appeals from the master's report and from the decree of the
said Justice of July 7th, 1887."

We find by the record that the decree of July 7th, approving
the master's report and making final disposition of the matters
in controversy, was made after hearing on the master's report, at
which the counsel for the defendant at that time, Mr. Poepoe,
attended.   He made no objection to the confirmation of the
report.

On the 16th of July, Mr. Thompson, who had not been of
counsel in the case, filed a notice of appeal as defendant's
attorney.   If this appeal had been perfected, the case would
have been before the Court in banco, but on the 26th of July
Mr. Thompson filed a withdrawal of the appeal.   Thus the time
for appeal having passed, the case stood upon the decree, with-
out appeal from the judgment of July 7th, and was a finality,
according to ordinary procedure.

It may be stated here that on the 28th of July Mr. Thompson had procured an order of Court entering him as counsel, upon a showing that Mr. Poepoe had been paid his fees and withdrawn.

On the fifth of August Mr. Thompson filed an application that Mr. Justice Preston would re-open the case and grant a re-hearing. The Justice after a hearing on the motion gave a decision, fully discussing the matters on which a re-hearing was asked, and denying the motion.

This is what is appealed from. The Justice had the power, on being shown that his proceedings had been erroneous, to re-open the case. It would be a matter lying within his discretion to grant such a motion, likewise to refuse it.

The defendant bases his right to appeal on the language of Sec. 859, Compiled Laws, p. 244, " An appeal may be taken to the full Court in banco from any decision, judgment or order made by any Justice of the Supreme Court at Chambers." At the close of the Section it is provided that " nothing in this Section contained shall be construed to permit an appeal to be taken from any order by any Justice allowing any warrant, attachment, writ or other process ; or for the taxation of costs or any other order of a like nature."

In *Onomea Sugar Co. vs. Austin*, 5 Hawn., 604, the Court considered the force of this Section, and refused appeal from an order finding a party in contempt, on the ground that it was of a discretionary character, holding that orders entrusted to the discretion of a Justice are not appealable.

Whether a Justice will re-open a case for a new hearing after his final decree made and not appealed from, is clearly a matter of discretion, and comes within the principle of the case cited.

The effect of holding that refusal of a motion to re-hear is appealable, would be to nullify the statutes and rules of Court which limit the time for taking appeal to ten days after decree. It would only be necessary at any time to move for a rehearing, and to appeal from the denial of this, bringing up the whole matter before the Court in banco, or if the course should be to

send it back to the justice for a rehearing, then to appeal from his second judgment within the ten days, and so come before this Court on the merits.

We make the obvious remark that new counsel taking up a case must take it where they find it.

This appeal cannot be entertained.

*Smith* and *Kinney*, for plaintiffs.

*M. Thompson*, for defendant.