## MRS. ELLA RHOADES *v.* J. V. MACIEL.

## No. 1253.

### MOTION TO QUASH WRIT OF ERROR.

ARGUED JULY 20, 1920.                    DECIDED JULY 22, 1920.

### COKE, C. J., KEMP AND EDINGS, JJ.

JUDGMENT—*modification of after expiration of term.*

> The jurisdiction of a court over its judgments terminates with the close of the term at which they were rendered and they cannot be set aside or altered after the expiration of the term at which they were entered unless the proceeding for that purpose was begun during the term.

#### OPINION OF THE COURT BY COKE, C. J.

This cause is now before us on a motion of the plaintiff-defendant in error to quash the writ of error hereto-

fore sued out by the defendant-plaintiff in error. The ground upon which the motion is based is that the writ of error was not issued or applied for within six months from the date of the entry of the judgment herein. It appears from the record before us that this cause was tried at the October 1918 term of the circuit court of the second judicial circuit by the judge of that court without a jury; that at the conclusion of the hearing and within said term of court the judge thereof rendered his decision finding for the plaintiff-defendant in error and upon the same date judgment based upon the decision was duly entered by the clerk of the court. Thereafter, to wit, on the 2d day of January, 1919, and long after the October 1918 term of the circuit court had expired counsel for the defendant-plaintiff in error appeared before the court and submitted a form of decision to be entered in the above cause; that on the 4th day of January, 1919, the court rendered a second decision in the cause and on the 3d day of July, 1919, a second judgment was entered up by the clerk of the court. The writ of error sued out herein is dated the 3d day of January, 1920.

The entire proceedings had subsequently to the October 1918 term were null and void. "It was one of the earliest doctrines of the common law that the record of a court might be changed or amended at any time during the term of the court in which a judgment was rendered, and now as then the general power of a court of record over its own judgments, orders and decrees during the existence of the term at which they are first made is undeniable. But it is also a rule of the common law that the jurisdiction of a court over its decrees terminates with the close of the term at which they were rendered, and a judgment may be amended or corrected only at the term during which it was entered and not thereafter" (15 R. C. L. 677). There are certain well defined excep-

tions to the foregoing rule pointed out in *Baker v. Brown,* 18 Haw. 22; *Holiona* v. *Kamai,* 24 Haw. 638; *United States* v. *Mayer,* 235 U. S. 55, at p. 67. See also 15 R. C. L. 678. But in the light of the record before us the present case does not fall within any of the recognized exceptions to the rule, and by all of the authorities the proceedings of the court had herein subsequently to the expiration of the October term of the court were abortive and void and it follows that the only subsisting judgment in the court below was that bearing date the 25th day of November, 1918.

The writ of error herein was not had within six months from the rendition of the judgment and the motion of the plaintiff-defendant in error to quash the writ of error must be granted and it is so ordered.

*E. R. Bevins* for the motion.

*E. Murphy* contra.

