A-ONE BUILDING COMPANY, LIMITED, *v.* ARTHUR T. YEE.

No. 2005.

Argued May 25, 1931.       Decided June 3, 1931.

Perry, C. J., Banks and Parsons, JJ.

OPINION OF THE COURT BY PARSONS, J.

This case is before us upon plaintiff's interlocutory

bill of exceptions to an order of the circuit court vacating judgment and setting aside default. The action was in assumpsit and to enforce a materialman's lien under the provisions of section 2895, R. L. 1925. The declaration was filed February 12, 1930. Defendant's answer, a general denial, was filed March 3, 1930. On Wednesday, September 24, 1930, at 9 A. M. the case was called for trial, the plaintiff responding but there being no further appearance by or on behalf of the defendant. The defendant not appearing after being called three times in conformity with the court's instructions, the case proceeded to trial by the court, jury waived, upon the evidence of the plaintiff. Upon submission the court found the material allegations of the declaration to have been proven satisfactorily and ordered judgment in favor of the plaintiff. A written decision and judgment in conformity therewith were filed September 29, 1930. Thereafter, on November 10, 1930, the defendant *in propria persona* filed a motion for an order requiring the plaintiff to show cause why said judgment should not be vacated and set aside and the cause set down for trial upon its merits. Attached to the motion was an affidavit of the defendant alleging in effect and among other things that defendant had received no notice personally, by mail or otherwise, of plaintiff's motion of September 16 to set said cause for trial and had not been notified of the trial and was ignorant of the same until after judgment had been entered. Said affidavit further alleged that defendant had a complete defense to plaintiff's claim of lien for the reason that neither notice of lien nor action to foreclose the same had been given or filed within forty-five days immediately after the completion of the building in question. Order to show cause was issued upon said motion and, after a hearing of the same in which evidence on behalf of the defendant and plaintiff was taken, the court by order refused to set aside the judgment or to

grant a new trial. Later, to-wit, on November 19, 1930, the defendant, in the meantime having engaged counsel, filed another motion entitled "Motion to Vacate Judgment and Set Aside Default" based upon the record and upon an attached affidavit to the same purport as that attached to the former motion. On November 24, 1930, counsel for plaintiff moved that defendant's motion of November 19 be dismissed on the ground that it was not filed within the time allowed by law. After argument the court ordered that the judgment be vacated and the default set aside and thereafter allowed an interlocutory bill of exceptions to this court from said order.

In their opening brief counsel for plaintiff urge that "the second motion of the defendant entitled 'Motion to Vacate Judgment and Set Aside Default' was nothing more or less than a second motion for a new trial and the order entered herein has the effect of granting the defendant a new trial. There was no order of default to be set aside." Counsel for plaintiff further urge that the ten days after judgment within which motion for new trial could have been made having expired long prior to November 19, 1930, the trial court was in error in entertaining and granting defendant's said motion of that date. It is true, as claimed by the plaintiff, that there was no order of default to be set aside, but the contention cannot be sustained that the motion last above referred to was therefore a second motion for a new trial or that the order issued thereupon has the effect of granting the defendant a new trial. The motion, omitting the part asking that the default be set aside, was "that so much of the judgment entered herein, foreclosing the mechanic's lien, be vacated." Again omitting the part referring to the default, the order was "that the judgment heretofore entered herein be vacated." It is a generally recognized rule of law that "all courts of record have

inherent power to vacate or set aside their judgments or orders during the term at which rendered. This is a power of daily exercise by the courts, and its existence within proper limitations of time and propriety cannot be questioned; it is based upon the substantial principles of right and wrong, to be exercised for the prevention of error and injury, and for the furtherance of justice. Not only may a court set aside a judgment on application therefor, but in proper cases it may take such action on its own motion. This power to vacate a judgment exists independently of any statute and has its foundation in the common law." 15 R. C. L. 688. This principle has found frequent recognition in our reports. Thus in *Makalei* v. *Himeni,* 7 Haw. 168, 169, it was held that after final decree not appealed from "the justice had the power, on being shown that his proceedings had been erroneous, to re-open the case. It would be a matter lying within his discretion to grant such a motion, likewise to refuse it." This power is tacitly recognized in *Su Wai* v. *Soper,* 8 Haw. 184, *Takamoto* v. *Horita,* 23 Haw. 370, and *Holiona* v. *Kamai,* 24 Haw. 638, 640; and it is directly acknowledged in *Rhoades* v. *Maciel,* 25 Haw. 579, 580, in the following words quoted with approval from 15 R. C. L. 677: "It was one of the earliest doctrines of the common law that the record of a court might be changed or amended at any time during the same term of the court in which a judgment was rendered, and now as then the general power of a court of record over its own judgments, orders and decrees during the existence of the term at which they are first made is undeniable."

In the case at bar the affidavit of the defendant supporting his motion to vacate the judgment set forth want of notice and contained the averment that the building upon which a lien was sought to be obtained and foreclosed on February 8 and 12 respectively, was completed

more than forty-five days before either of the last named dates, to-wit, on the 16th day of December, 1929. These are both material considerations and it was well within the discretion of the trial judge to set aside the judgment and reopen the case for the purpose of hearing from the parties additional proof upon either or both of these matters.

The interlocutory exceptions are overruled and the case is remanded to the circuit court for further proceedings not inconsistent with this opinion.

*S. B. Kemp* (*Kemp & Stainback* on the briefs) for plaintiff.

*C. B. Dwight* (also on the brief) for defendant.