RICHARD TAVARES, Plaintiff-Appellee *v.* JOSEPHINE RODRIGUEZ TAVARES, Defendant-Appellant

NO. 5838

JANUARY 30, 1978

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR AND KIDWELL, JJ.

OPINION OF THE COURT BY KIDWELL, J.

This appeal raises questions with respect to a property division in a matrimonial action in which the husband was the plaintiff. The complaint and summons were sent by mail to the defendant wife in California pursuant to an order for service by mail, and received by her on September 22, 1973. Without notice to or appearance of defendant, a hearing on the complaint was held before the district family court judge on October 16, 1973. Plaintiff was orally granted a divorce with custody of the minor child and awarded the family residence, subject to the mortgage indebtedness, effective upon filing of the decree. Defendant filed an answer on January 2, 1974, to which is attached a certificate of service on plaintiff's counsel on December 28, 1973. A decree of divorce, in which plaintiff was awarded the family residence, subject to the mortgage, was entered on January 11, 1974. The decree

referred to the hearing on October 16, 1973 but made no reference to defendant's answer. On April 25, 1974, the district family court judge, on defendant's motion, issued an order to plaintiff to show cause why the decree should not be modified to give defendant at least a one-half interest in the family residence "and provide her with such other property and money to which she is entitled", together with her attorney's fees. By order entered on August 29, 1974, the district family court judge ordered "that the question of the division of the parties' property only in respect to the family residence . . . . shall be subject to further hearing."

The matter was then heard before the family court judge, who ruled that in the absence of appeal from the order of the district family court judge, or motion for its reconsideration, the scope of reconsideration of the decree was limited to the disposition of the family residence. Pursuant to this ruling, testimony offered by defendant with respect to plaintiff's pension and retirement benefits was excluded. By order entered December 9, 1974, the decree was modified to provide that defendant should convey her interest in the family residence to plaintiff for the sum of $14,000, and that the parties should bear their own attorney's fees and costs. Defendant has appealed. We conclude that defendant was entitled to reconsideration of the property division without the constraints imposed by the order of the district family court judge, and that the case must be remanded for that purpose.

At the outset, plaintiff contends that defendant's failure to move for a new trial or to amend the decree of January 11, 1974 within 10 days after its entry, or to file a written request for a hearing de novo, deprived her of any standing to object to the limited reopening of the decree by the order of August 29, 1974. But these contentions are premised upon plaintiff's interpretation of the family court rules. As we pointed out in *Cleveland v. Cleveland*, 57 Haw. 519, 559 P.2d 744 (1977), family court rules were not in effect when this case was in the family court and the Hawaii Rules of Civil Procedure were inapplicable, except with respect to appeals from the family court. The control of the family court over its decrees was governed by the principles enunciated in *Beall v. Beall*, 24

Haw. 29 (1917). The decree of January 11, 1974 was entered as a default decree upon a hearing at which defendant was not present or represented. Prior to entry of the decree, although subsequent to the hearing, defendant's answer was filed. As we held in *Beall,* the default decree was subject to being set aside on application of defendant and the family court's discretion should have been exercised liberally in favor of the application. The application before the district family court judge sought to reopen the property division as to all of the property of the parties. His refusal to do so and his limitation of the reopening to the disposition of the family residence exceeded the limits placed on his discretion by *Beall.*

Plaintiff also contends, and the family court judge apparently agreed, that the order of August 29, 1974, was so far final as to become binding upon the parties and the family court on defendant's failure to perfect an appeal. It is true that in a matrimonial action a decree dividing the property is final and appealable although other matters are postponed for later determination. *Cleveland v. Cleveland, supra.* But after the property division contained in the decree was set aside by the order of August 29, 1974 there was no final decree dividing the property from which defendant could have appealed. *Cf.* 9 MOORE'S FEDERAL PRACTICE ¶ 110.14[2], n. 5 (1975). The order of August 29, 1974 did not modify the decree and did not finally dispose even of defendant's application then before the district family court judge, which final disposition did not occur until the entry of the order of December 9, 1974 by the family court judge. Defendant's appeal brings before us the merits of the property division, as modified by the order of December 9, 1974, without any procedural limitation on the matters which the family court judge was required or permitted to consider.

Defendant complains principally of the refusal of the family court judge to hear evidence relating to plaintiff's pension and retirement benefits. By memorandum filed at a prehearing conference with the family court judge on October 23, 1974, defendant asserted that plaintiff worked for Hawaiian Electric Company, from which he would have a substantial retirement pension based on years of service during the pe-

riod of their marriage, and asked that she be awarded an amount equivalent to her interest in the pension. At the hearing before the family court judge, defendant called a witness for the stated purpose "to testify with respect to the pension and retirement benefit that have [*sic*] accrued or will be accruing" to the plaintiff. Since we have concluded that the property division in the decree of January 11, 1974 should have been vacated on defendant's application, these benefits were required to be taken into consideration by the family court judge in "dividing and distributing the estate of the parties, real, personal, or mixed, whether community, joint, or separate", in accordance with the mandate of HRS § 580-47, if such benefits comprised a portion of "the estate of the parties."

The question of the treatment which should have been accorded to plaintiff's pension and retirement benefits is one on which we cannot express an opinion in the present state of the record. The nature of plaintiff's interest in such benefits and whether it constituted "estate" or property within the meaning of HRS § 580-47 depends upon the terms of the contractual or other obligation which secured the payment of the benefits. It is inherent in a pension or retirement plan that the benefits are expected to be enjoyed by the employee after his employment has terminated. Nevertheless, before that date an employee may possess enforceable claims under the plan which constitute property and which can and should be dealt with in the division of the estate of the parties upon the dissolution of a marriage. The cases involve a variety of pension and retirement arrangements, and the decisions may not be wholly reconcilable.[1] Whether plaintiff's interest in his pension and retirement benefits was a property interest which the family court judge was required to take into consideration cannot be determined without the inquiry which

---

[1] *See, e.g., In re Marriage of Brown*, 15 Cal. 3d 838, 544 P.2d 561 (1976), holding pension rights represent a property interest, whether or not vested, if the employer cannot unilaterally terminate that right without terminating the employment relationship; *Ellis v. Ellis*, 552 P.2d 506 (Colo. 1976), holding that military retirement pay being received by a retired officer was not marital property; Comment, 42 MISSOURI L. REV. 143 (1977).

was foreclosed by the family court's ruling.

Defendant also complains of the manner in which the family residence was divided between the parties, if that were assumed to be the only property before the court. Since the family court will again be faced with the same problems on remand, it is appropriate for us to comment on defendant's contentions. A property division is not erroneous because the shares are not equal. *Crow v. Crow*, 49 Haw. 258, 414 P.2d 82 (1966). The decision of the family court judge reflects that she took into consideration relevant factors in arriving at the division, and no abuse of her discretion would appear if the assumed constraints upon the scope of her inquiry had been operative. Upon remand, however, the family court will not be bound by the determinations made in the order of December 9, 1974.

The order of December 9, 1974 is vacated and the case is remanded for modification of the decree to reflect an appropriate division of the estate of the parties, to the extent subject to disposition in this matrimonial action, and for further proceedings consistent with this opinion.

*Christopher P. McKenzie (Gould & McKenzie* of counsel) for Defendant-Appellant.

*Michael David Hong (Flynn & Hong* of counsel) for Plaintiff-Appellee.