GORDON DEAN WALLACE, Plaintiff-Appellant, *v*. RUBY JEAN WALLACE, Defendant-Appellee

NO. 6771

OCTOBER 31, 1980

HAYASHI, C.J., PADGETT AND BURNS, JJ.

OPINION OF THE COURT BY BURNS, J.

Plaintiff-Appellant (Husband) appeals the lower court's "Amended Decree".

The two issues decided in this case are:

I. Whether the lower court abused its discretion

when it set aside and invalidated the major portion of its decree of divorce on the grounds that the agreement which it incorporated was unfair and inequitable because both parties entered into it under a mutual mistake of a material fact. We hold that it did not.

II. Whether the lower court erred in entering an amendment to its original decree, which finally divided and distributed the estate of the parties, without first conducting a hearing on the merits. We hold that it did.

The parties married on September 6, 1952. They were divorced by decree entered on January 13, 1976. At the time of divorce, Husband was 48 years of age, defendant-appellee (Wife) was approximately 44 years of age, and they had two sons, one 21 and the other 18.

At the time of divorce (one year and three months after separation), Husband had been employed with the U.S. Public Health Service for 22 years and 5 months, all of which was during the marriage. He had served two years in the U.S. military prior to the marriage so for retirement purposes he had 24 years and 5 months service.

The parties separated on October 14, 1974. Thereafter they separately and jointly consulted with an attorney who was their mutual friend. This friend prepared an eight-page "Separation and Property Settlement Agreement" (herein agreement), dated December 23, 1974, which both parties signed.

The agreement required Husband to pay unsegregated alimony and child support of $1,100.00 per month for three years commencing November 1, 1974, awarded the residence one-half/one-half (½-½) but gave Wife and children its exclusive use and occupancy, divided most of the personal property and stated that in the event either party wanted a divorce the parties agreed to "[d]ivide any undivided remaining property equally."

Thereafter, on September 4, 1975, Husband filed a complaint for divorce. He was represented by a partner of the attorney who prepared the December 23, 1974 agreement. Wife obtained the services of her own attorney.

On January 6, 1976 the parties entered into an agreement labelled "Separation and Property Settlement Agreement Amendments" (herein agreement amendments), which reduced Husband's obligation to pay unsegregated alimony and child support to $914.00 per month but added a car allowance of up to $75.00 per month.

On January 9, 1976 Husband, Husband's attorney and Wife's attorney appeared in court and proceeded uncontested on Husband's complaint for divorce.

On January 13, 1976 the lower court issued a Decree of Absolute Divorce which approved and incorporated within its terms the agreement and the agreement amendments.

On March 17, 1976 Wife filed a "Motion to Reconsider Property Settlement Agreement" in which she asked for a reopening of the case on the grounds that the agreement did not cover the question of Husband's retirement credit as part of the assets of the parties. Husband opposed the reopening but requested that in the event the case was reopened it be reopened in its entirety. The court held hearings on the motion on May 3 and August 25, 1976 but took no action.

On September 2, 1976 Wife filed a "Motion to Enforce Property Settlement Agreement and Alternative Motion to Reconsider Property Settlement Agreement", claiming that the language of the agreement was broad enough to require division of Husband's retirement but alternatively asking for the matter to be reopened in its entirety.

The court held hearings on the Wife's September 2, 1976 motion on September 21, October 1, and December 1 of 1976 and on February 9, 1977.[1] The court entered its decision which contained, inter alia, the following:

    1. A statement that the then present value of Husband's retirement benefit was "205,000 [dollars], by far the largest marital asset accrued during the marriage".

    2. A finding that the agreement was entered into "under a mutual mistaken belief that husband's retire-

---

[1] Hawaii Family Court Rules did not become effective until February 15, 1977. Until that time, the family court judge was not required to enter findings of fact and conclusions of law and none were requested or entered in this case.

ment rights earned during the course of the marriage were not subject to division by the Court at the time of divorce, and such mutual mistake is material''.

3. A ruling that Husband's retirement benefits earned during the marriage are subject to division upon divorce.

4. A ruling that the court is not bound to enforce a property settlement agreement which is unfair and inequitable.

5. A finding that the agreement is unfair and inequitable insofar as it does not give Wife an equitable share of Husband's retirement benefits but that it is otherwise fair and equitable.

6. A statement that the court "hereby sets aside and invalidates" the agreement.

7. The court's order adopting all of the contents of the invalidated agreement and adding the requirement that Husband "pay a monthly amount equal to one-half of such [retirement] income husband will be entitled to at age 55, irrespective of whether he actually retires or not, based upon twenty-four years of service''.

An "Amended Decree"[2] incorporating the essentials of the lower court's prior decision was entered on August 8, 1977.

## I.

Although the lower court stated that it was setting aside and invalidating the agreement, that is not the effect of its action. The agreement had been incorporated into and had become part of the court's decree of divorce. *McNelis v. Bruce,* 90 Ariz. 261, 367 P.2d 625 (1961); *Atkinson v. Atkinson,* Tex. Civ. App., 560 S.W.2d 200 (1977). Wife's motion must

---

[2] The "Amended Decree" does not purport to divorce the parties. If it replaces the original decree, then the parties are not divorced. Although the document is entitled "Amended Decree", it was clearly intended to be and we hold that it is only an amendment to the original decree.

be construed as a motion to set aside all or part of the decree of divorce, not the agreement.

Both of Wife's motions and the court's decision were filed prior to the effective date of the Hawaii Family Court Rules. There were no formal court rules applicable to the motions or the court's decisions. *Cleveland v. Cleveland*, 57 Haw. 519, 559 P.2d 744 (1977).

Thus the question is whether prior to the adoption of the Hawaii Family Court Rules the family court had the power and authority to set aside that portion of its divorce decree which approved and incorporated an agreement which had been entered into by the parties with a mistaken understanding of the facts and the law and which was unfair and inequitable.

Wife filed her motion to reconsider the property division on March 17, 1976, two months after the decree was filed.

Husband contends that the following portion of HRS § 580-47 (1976)[3] barred the court from setting aside the decree:

> * * * An order as to the custody, management and division of property shall be final and conclusive as to both parties subject only to appeal as in civil cases * * *

This portion of HRS § 580-47 (1976) was part of Act 77, SLH 1955, which, for the first time in Hawaii, authorized the court to finally divide and distribute the estate of the parties.[4]

No court rules being applicable,[5] the question becomes whether the statute or the common law controlled the family court's authority to set aside its decree following entry.

In *Tavares v. Tavares*, 58 Haw. 541, 574 P.2d 125 (1978), the Hawaii Supreme Court was faced with the same question we have here. In *Tavares, supra*, a default decree of divorce

---

[3] This section has been amended twice since 1976. *See* Act 37, SLH 1977 and Act 77, SLH 1978.

[4] For the situation pre-1955, *see Nobrega v. Nobrega*, 13 Haw. 654 (1901), and *Santos v. Santos*, 40 Haw. 644 (1955).

[5] In post-February 15, 1977 proceedings covered by the Hawaii Family Court Rules, the family court's authority to do what was done in this case would be governed by HFCR, rule 60.

dividing property was entered without notice to the defendant who had filed an (untimely) answer to the complaint between the date of the court's oral decision and the effective date of the decree. Three and one-half months after the entry of the decree, "the district family court judge, on defendant's motion, issued an order to plaintiff to show cause why the decree should not be modified to give defendant at least a one-half interest in the family residence 'and provide her with such other property and money to which she is entitled' . . ." 58 Haw. at 542, 574 P.2d at 126. Four months after the order to show cause, the family court ordered " 'that the question of the division of the parties' property only in respect to the family residence . . . shall be subject to further hearing' ". *Id.*

The family court held a hearing limited to the question of the residence and excluded testimony offered by defendant with respect to plaintiff's pension and retirement benefits. The family court modified its decree with respect to the residence. Defendant appealed, contending that she was entitled to reconsideration of the property division without the limitation imposed by the family court. The supreme court agreed. 58 Haw. at 543, 574 P.2d at 126.

As in the case before us, no court rules were applicable in *Tavares*. 58 Haw. at 542, 574 P.2d at 126. In reviewing the family court's actions, the *Tavares* court held that in the absence of court rules, the family court's authority to set aside its decrees was governed by common law. 58 Haw. at 542-43, 574 P.2d at 126. If HRS § 580-47, as quoted above, applied as husband claims here, then the *Tavares* court would have had to hold that the family court was without jurisdiction to set aside the decree at all, instead of holding that the family court erred in only partially setting the decree's property division aside. 58 Haw. at 543, 574 P.2d at 126. Therefore, we read *Tavares* as controlling authority that the family court's inherent power and authority to vacate or set aside its judgments or orders prior to the effective date of the Hawaii Family Court Rules was governed by common law and not by statute. *See Tavares, supra. See also DuPonte v. DuPonte*, 53 Haw. 123, 126, 488 P.2d 537, 539 (1971).

It is the general rule of common law that a court of record has inherent power to vacate or set aside its judgments or orders during the term at which rendered. *A-One Building Co. v. Yee,* 32 Haw. 15, 17-18 (1931). This inherent power is discretionary and is to be exercised, within proper limitations of time and propriety, for the prevention of error and injury and for the furtherance of justice. *Id.* The power exists independently of any statute. *Id.* Moreover, there is authority for the proposition that a court's inherent powers can neither be taken away nor abridged by the legislature. *Re Huff,* 352 Mich. 402, 91 N.W.2d 613 (1958), *State ex rel Ricco v. Biggs,* 198 Or. 413, 255 P.2d 1055 (1953); *see Burttschell v. Sheppard,* 123 Tex. 113, 69 S.W.2d 402 (1934).

In Hawaii, however, terms of the circuit[6] courts, insofar as they define discrete periods during which the courts hold session, were abolished in 1972. *See* § 3, Act 88, SLH 1972 (H.B. No. 1162). *See also* Senate Standing Committee Report No. 621-72, 1972 Senate Journal at 1005, Special Committee Report No. 7, 1972 Senate Journal at 697, and Report of Committee on Coordination of Rules and Statutes, September 1, 1971 (section dealing with HRS § 603-12 (1968) ).

Thus, the common law rule, which tied the power to set aside judgments to the term of the court, has been modified. Term time has been replaced with the less definite "proper limitations of time" formulation in *A-One Building Co., supra.*

This case does not require us to set the outer limits on what constitutes "proper limitations of time",[7] in the absence of terms, during which the family court could set aside its judgments. In *Tavares, supra,* three and one-half months had passed between entry of the decree and the court's issuance of the order to show cause.[8] Here, some two months after the entry of the decree, Wife moved to have it set aside. We view

---

[6] Family courts are divisions of circuit courts. HRS § 571-3 (1976).

[7] It appears that when last in effect, terms of the family court were one year in duration. *See* HRS § 603-12 (1968). *Cf.* rule 60(b), HFCR.

[8] *See Rhoades v. Maciel,* 25 Haw. 579 (1920).

the order to show cause in *Tavares* as analagous to Wife's motion in this case, and since the latter was within the time approved by the supreme court in the former, we find no abuse of the court's discretion insofar as time is concerned.

Husband concedes that the existence of a mutual mistake of fact is a recognized reason for equitable relief,[9] but argues that the mistake is remediable in equity only if essential rather than incidental, and that the mistake in this case was incidental. He relies on *Grymes v. Sanders*, 93 U.S. 55 (1876):

> A mistake as to a matter of fact, to warrant relief in equity, must be material, and the fact must be such that it animated and controlled the conduct of the party. *It must go to the essence of* the object in view, and *not be merely incidental.* The court must be satisfied, that but for the mistake the complainant would not have assumed the obligation from which he seeks to be relieved.

93 U.S. at 60. (Citations omitted.) (Emphasis added.)

We agree with the rule of law cited,[10] but not with Husband's conclusion that the mistake herein was incidental to the object in view. The object in view was, in pertinent part, to divide the estate of the parties. An asset with an unchallenged value of $205,000 (more than any other asset of parties) was totally excluded from the parties' consideration and negotiations. This mistake goes to the essence of the division of the estate of the parties.

## II.

After the lower court set aside the major portion of its original decree, it amended the decree by adopting all of that portion of its decree which it had previously set aside and by adding to it a provision ordering Husband to share his retirement benefits with Wife. The lower court took this action

---

[9] *See generally* 1 Lyon, Story's Equity Jurisprudence. Chapter V (14th ed. 1918) and *id.* at §§ 159. 162. 195, 210, 211 and 217.

[10] *See also Mills v. Briggs*, 4 Haw. 506 (1882).

without the benefit of any hearing other than the uncontested divorce hearing and the various hearings on Wife's motions.

We do not reach the question of whether the content of the lower court's decree as amended satisfies the requirement of HRS § 580-47. The parties did not stipulate that it did. There should have been a hearing on the merits before the lower court amended its decree.

### III.

Husband also argues that his prospective retirement benefits are not property subject to division by the family court and that federal law precludes Hawaii family courts from awarding Wife any interest in those benefits. Since we are returning this case to the family court for a hearing on the merits, we do not reach these questions; they are for the family court to decide on remand, in the light of *Linson v. Linson,* 1 Haw. App. 272, 618 P.2d 748 (1980), and other applicable law.

### IV.

We affirm that part of the lower court's action which set aside that portion of the original decree of divorce which incorporated the agreement as amended.

We reverse that part of the lower court's action which amended the original decree and we order the additions stricken.

We remand this case to the lower court for further proceedings consistent with this opinion.

*Gary B. K. T. Lee (Ukishima & Matsubara* of counsel) for plaintiff-appellant.

*Thomas M. Culbertson* (with him on the brief *James T. Paul; Paul, Johnson & Alston* of counsel) for defendant-appellee.