NO. 29593

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I

Electronically Filed
Intermediate Court of Appeals
29593
27-SEP-2010
10:53 AM

BRUCE E. COX, Plaintiff-Appellee, v.
CARLYN D. COX, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-DIVORCE NO. 06-1-0096)

MEMORANDUM OPINION
(By:  Foley, Presiding Judge, Fujise and Leonard, JJ.)

Defendant-Appellant Carlyn D. Cox (Wife) appeals from the Second Amended Decree Granting Absolute Divorce (Second Amended Decree) filed on December 18, 2008 in the Family Court of the First Circuit[1] (family court).  The Second Amended Decree dissolved the marriage between Wife and Plaintiff-Appellee Bruce E. Cox (Husband).  On appeal, Wife contends:

(1)  The family court erred in the May 29, 2007 Decision and Order (D&O) where the court stated that in order to make improvements, "Wife . . .  further encumbered the Virginia Residence with a Second Deed of Trust given to Judy Morris" (Second Deed of Trust); in Finding of Fact (FOF) 22 of the April 17, 2009 Findings of Fact and Conclusions of Law (FOF/COL) where it found that "[i]t was unclear precisely how Wife used the funds she received from the [Second Deed of Trust], whether for improvements to the Virginia Residence or for her attorney's fees in the divorce litigation"; in the May 22, 2008 "Order Granting in Part and Denying in Part [Husband's] Motion for Reconsideration and/or Further Hearing Filed February 25, 2008" (May 22, 2008 Order); and the Second Amended Decree insofar as they relied on the D&O and FOF 22.

---

[1]  The Honorable Linda S. Martell presided.

(2) Conclusion of Law (COL) 10, where the family court concluded the Second Deed of Trust "is not a marital debt, but a separate debt of Wife's," is wrong, and the D&O; May 22, 2008 Order; and Second Amended Decree insofar as these pleadings relied on COL 10 are wrong.

(3) The family court erred in the May 22, 2008 Order and Second Amended Decree by failing to adjust the equalization payment, which was based on the court's erroneous ruling that the Second Deed of Trust was not a marital debt.

(4) The family court erred in FOF 50 by finding that Husband's "Motion for Attorney's Fees and Costs Pursuant to Hawaiʻi Family Court [Rules (HFCR)] Rule 68" (Rule 68 Motion) "was timely filed on January 21, 2008 [sic],"[2] and COL 18 is wrong where it concludes the court had jurisdiction to hear Husband's Rule 68 Motion because after Wife filed a notice of appeal, appellate jurisdiction attached and the family court's authority to issue orders on motions for attorney's fees pursuant to HFCR Rule 68 was removed.

(5) COL 19 is wrong where the family court concluded that "[e]ven if it could be construed that appellate jurisdiction divested the Court of the ability to rule on a timely-filed post trial motion, the Order re [Husband's] Motion for Attorney's Fees, filed February 9, 2009, stayed any ruling on Husband's Rule 68 request pending the appeal," inasmuch as the court failed to address Wife's separate request for fees based on Husband's bad faith filing of the Rule 68 Motion, which wasted Wife's resources by forcing Wife's counsel to prepare for the hearing and appear in court.

(6) The family court erred in FOF 50 by finding that "Husband's Rule 68 Motion was timely filed on [January 22,

---

[2] Husband's Rule 68 Motion was actually filed on January 22, 2009, and we will use that date throughout this opinion.

2009]," and COL 18 is wrong where the family court concluded it had jurisdiction to hear the Rule 68 Motion because the Rule 68 Motion was untimely filed under Hawaiʻi Rules of Civil Procedure Rule 54(d)(2)(B).

## I. BACKGROUND

Husband and Wife married on October 3, 1992. The parties did not have any children. During the marriage, a house in the State of Virginia (the Virginia Residence) was purchased and titled in Husband's name. The parties lived in the Virginia Residence until they experienced marital difficulties and separated in March 2004. At the time of separation, Wife had a Deed of Gift prepared, transferring the Virginia Residence to her name alone. In June 2005, Husband moved to Hawaiʻi. Wife continued to live in Virginia.

In September 2005, Wife refinanced the Virginia Residence in her name alone. Two months later, Wife took out a second mortgage on the Virginia Residence for improvements to the home.

Husband filed a Complaint for Divorce on January 11, 2006. The parties submitted their respective Income and Expense and Asset and Debt Statements.

In October 2006, Wife further encumbered the Virginia Residence with the Second Deed of Trust, which was a mortgage loan for $35,000 made to Wife by her friend, Judy A. Morris (Morris). Wife testified at trial that the purpose of this loan was to pay her attorney's fees.

At the January 8, 2007 trial, Husband objected to Wife's testimony regarding the Second Deed of Trust on grounds of the best evidence rule. The family court permitted the testimony.

On May 29, 2007, the family court filed the D&O. In spite of Wife's testimony, the family court found in the D&O that

3

Wife "encumbered the Virginia Residence with a Second Deed of Trust given to [Morris] to make improvements" to the residence. The family court awarded the Virginia Residence to Wife and stated that if Wife wanted credit for the improvements to the residence, she would have to submit a signed and notarized copy of the Second Deed of Trust and an affidavit specifying the improvements.

On June 6, 2007, Wife submitted a copy of the Second Deed of Trust and the Promissory Note Secured by Deed of Trust, but did not submit an affidavit specifying the improvements.

On June 14, 2007, Husband filed a "Motion to Strike As Evidence Documents Filed June 6, 2007 and Motion For Ruling On Objection." Husband moved the family court to strike the Second Deed of Trust and Promissory Note and to issue a formal ruling on his best evidence rule objection at trial. Wife filed an opposition memorandum.

On August 1, 2007, the family court issued a Decree Granting Absolute Divorce (8/1/07 Divorce Decree), in which the court failed to account for the second mortgage and Second Deed of Trust in the value of the Virginia Residence. On August 9, 2007, Wife filed a "Motion for Reconsideration of the Divorce Decree Filed August 1, 2007."

On December 17, 2007, the family court issued an "Order Re [Wife's] Motion For Reconsideration Filed August 9, 2007 & [Husband's] Motion to Strike as Evidence Documents Filed June 6, 2007 and Motion for Ruling on Objection" (the 12/17/07 Order), in which the court ruled as follows:

> 1) [Husband's] Motion to Strike as Evidence Documents Filed June 6, 2007 and Motion for Ruling on Objection filed on June 14, 2007 is moot. The Court ruled on these issues at trial.
>
> 2) [Wife's] Motion For Reconsideration must be denied because the Court did not act on it within ninety days of its filing on August 9, 2007. However, based on Rule 60(b) of the [HRFC], the Court will correct the mistake

4

> in its prior order by omitting the second mortgage to the Virginia Credit Union in the amount of $27,000.00 on the Virginia house. This debt shall be considered a marital debt.
>
> 3) On the reserved issue of the Second Deed of Trust to [Morris] as a marital debt, this debt shall not be considered a marital debt, but one separate to Wife.

On February 14, 2008, the family court issued an Amended Divorce Decree. Husband filed a Motion for Reconsideration of the Amended Divorce Decree, and on May 22, 2008, the family court issued an order granting in part and denying in part the motion.

On December 18, 2008, the family court issued the Second Amended Decree, in which the court treated the Second Deed of Trust as Wife's separate debt, and ordered that each party assume his or her own attorney's fees and costs.

Wife timely filed a notice of appeal on January 20, 2009. Two days later, Husband filed the Rule 68 Motion. On January 27, 2009, Wife's attorney filed an affidavit in response to the motion, arguing that

> [Husband's attorney] knew, or should have known, that the jurisdictional limitations of the Family Court ended with the filing of the [Notice of Appeal] and that the Family Court could not address the Rule 68 Motion once [Wife] filed the [Notice of Appeal]. As such, Wife should be awarded her attorneys' fees and costs for having to respond to the untimely and improper Rule 68 Motion.

Although Husband thereafter withdrew his Rule 68 Motion, the family court held a hearing on the motion, at which hearing Husband orally requested a stay of ruling pending appeal. On February 9, 2009, the family court granted Husband's request for a stay of ruling and preserved Wife's right to request attorney's fees and costs for filing an opposition memorandum to Husband's Rule 68 Motion pending the appellate decision on the case.

On April 17, 2009, the family court issued its FOF/COL. The family court found, among other findings, that

5

(1) although Wife encumbered the Virginia Residence with a Second Deed of Trust to Morris, it was unclear how Wife spent the $35,000 she received from Morris -- whether for home improvements or attorney's fees;

(2) if Wife wanted credit for the Second Deed of Trust, she needed to provide the family court with proof the $35,000 had been used for home improvements; and

(3) Husband's Rule 68 Motion was timely filed.

In the FOF/COL, the family court concluded, inter alia, that

(1) the Virginia Residence was a marital asset, subject to division, with the appropriate offsets or category claims to each party;

(2) the Second Deed of Trust was a separate debt of Wife;

(3) the court had jurisdiction to hear Husband's Rule 68 Motion under Hawaiʻi Rules of Appellate Procedure (HRAP) Rule 4(a)(3); and

(4) even if the court did not have jurisdiction under HRAP 4(a)(3), the court properly stayed any ruling on Husband's Rule 68 Motion pursuant to HFCR 62(d).[3]

On May 1, 2009, pursuant to HRAP Rule 4(a)(3), Husband filed a motion before this court to dismiss Wife's appeal for untimely filing. Wife filed an opposition memorandum. On May 21, 2009, this court denied Husband's motion to dismiss and permitted the parties to proceed to briefing.

## II. STANDARDS OF REVIEW

### A. Findings of Fact

> In this jurisdiction, a trial court's [FsOF] [sic] are subject to the clearly erroneous standard of review. An FOF is clearly erroneous when, despite

---

[3] COL 20 is incorrectly numbered 21.

> evidence to support the finding, the appellate court is left with the definite and firm conviction in reviewing the entire evidence that a mistake has been committed.

> *Chun v. Bd. of Trustees of the Employees' Retirement Sys. of the State of Hawai'i*, 106 Hawai'i 416, 430, 106 P.3d 339, 353 (2005), *reconsideration denied,* 106 Hawai'i 477, 106 P.3d 1120 (2005) (internal quotation marks, citations, and ellipses omitted)[.]

> "An FOF is also clearly erroneous when the record lacks substantial evidence to support the finding. We have defined substantial evidence as credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion." *Leslie v. Estate of Tavares,* 91 Hawai'i 394, 399, 984 P.2d 1220, 1225 (1999) (internal quotation marks and citations omitted)[.]

Inoue v. Inoue, 118 Hawai'i 86, 92-93, 185 P.3d 834, 840-41 (App. 2008), cert. rejected, 118 Hawai'i 194, 186 P.3d 629 (2008).

### B.    Conclusions of Law

> A COL is not binding upon an appellate court and is freely reviewable for its correctness. [An appellate] court ordinarily reviews COLs under the right/wrong standard. Thus, a COL that is supported by the trial court's FOFs and that reflects an application of the correct rule of law will not be overturned. However, a COL that presents mixed questions of fact and law is reviewed under the clearly erroneous standard because the court's conclusions are dependent upon the facts and circumstances of each individual case.

> [*Chun v. Bd. of Trs. of the Employees' Ret. Sys. of the State of Hawai'i,* 106 Hawai'i 416, 430, 106 P.3d 339, 353 (2005)] (internal quotation marks, citations, and brackets [in original] omitted)[.]

Inoue, 118 Hawai'i at 93, 185 P.3d at 841 (App. 2008).

### C.    Family Court Decisions

> Generally, the family court possesses wide discretion in making its decisions and those decisions will not be set aside unless there is a manifest abuse of discretion. Thus, [an appellate court] will not disturb the family court's decisions on appeal unless the family court disregarded rules or principles of law or practice to the substantial detriment of a party litigant and its decision clearly exceeded the bounds of reason.

7

Fisher v. Fisher, 111 Hawai'i 41, 46, 137 P.3d 355, 360 (2006) (quoting In re Doe, 95 Hawai'i 183, 189-90, 20 P.3d 616, 622-23 (2001)).

## III. DISCUSSION

### A. THIS COURT HAS JURISDICTION OVER THIS APPEAL.

Husband contends this court does not have jurisdiction over Wife's appeal because under HRAP Rule 4(a)(3),[4] she untimely filed the appeal.

We previously addressed this issue in the "Order Denying [Husband's] May 1, 2009 Motion to Dismiss Appeal" in Cox v. Cox, No. 29593, 2009 WL 1508938, *1-2 (Haw. App. May 21, 2009), wherein we held we had jurisdiction over Wife's appeal pursuant to Hawaii Revised Statutes (HRS) § 571-54 (2006 Repl.).[5] We dismissed Husband's motion without prejudice and noted that

> [a]ny arguments that [Husband] wants to assert regarding (a) the family court's jurisdiction to enter decrees and orders or (b) the right of [Wife] to obtain appellate review of other decrees or orders in this case are arguments that [Husband] should assert in his appellate brief.

Cox, 2009 WL 1508938, at *1.

To the extent Husband raises an argument regarding the family court's jurisdiction to enter decrees or orders or the

---

[4] HRAP 4(a)(3) provides:

(3) TIME TO APPEAL AFFECTED BY POST-JUDGMENT MOTIONS. If any party files a timely motion . . . to reconsider, alter or amend the judgment or order, or for attorney's fees and costs, the time for filing the notice of appeal is extended until 30 days after entry of an order disposing of the motion; provided, that the failure to dispose of any motion by order entered upon the record within 90 days after the date the motion was filed shall constitute a denial of the motion.

[5] HRS § 571-54 provides in relevant part:

§571-54 **Appeal.** An interested party, aggrieved by any order or decree of the court, may appeal to the intermediate appellate court for review of questions of law and fact upon the same terms and conditions as in other cases in the circuit court, and review shall be governed by chapter 602, except as hereinafter provided.

Wife's right to obtain appellate review of other decrees or orders in this case, we address those arguments herein.

B. **THE FAMILY COURT HAD JURISDICTION TO RULE ON WIFE'S MOTION TO RECONSIDER AND TO SUBSEQUENTLY MODIFY THE DIVORCE DECREE.**

Husband contends that pursuant to HRAP 4(a)(3), the 12/17/07 Order was null and void. Husband argues by extension that modifications to the family court's 8/1/07 Divorce Decree based on this order are also null and void. We disagree.

In ruling on Wife's "Motion for Reconsideration of the Divorce Decree Filed August 1, 2007," the family court stated:

> 2) [Wife's] Motion For Reconsideration must be denied because the Court did not act on it within ninety days of its filing on August 9, 2007. However, based on Rule 60(b) of [HRFC], the Court will correct the <u>mistake</u> in its prior order by omitting the second mortgage to the Virginia Credit Union in the amount of $27,000.00 on the Virginia house. This debt shall be considered a marital debt.

(Emphasis added.) The family court's ruling acknowledges HRAP 4(a)(3)'s automatic denial provision if a motion is not ruled on 90 days after it is filed, but the ruling nonetheless grants Wife relief under HFCR Rule 60(b). Rule 60(b) provides in relevant part:

> **Rule 60. Relief from judgment or order.**
>
> . . . .
>
> **(b) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud.** On motion and upon such terms as are just, the court may relieve a party or party's legal representative from any or all of the provisions of a final judgment, order, or proceeding for the following reasons: (1) <u>mistake</u>, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. <u>The motion shall be made</u>

9

> within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceedings was entered or taken.

(Emphases added.) Under this rule, a family court may grant relief from a final judgment on the ground of mistake based on a motion filed within a year of the final judgment.

In the 12/17/07 Order, the family court granted Wife relief on the ground of mistake from the 8/1/07 Divorce Decree. Since this relief was granted based on a motion filed within a year of the divorce decree, it is within the scope of HFCR 60(b).

In Donnelly v. Donnelly, 98 Hawai'i 280, 286, 47 P.3d 747, 753 (App. 2002) (internal quotation marks and citation omitted), this court noted that "a court may treat an untimely Rule 59(e) motion to alter or amend [or reconsider] a judgment as if it were a Rule 60(b) motion if the grounds asserted in support of the Rule 59(e) motion would also support Rule 60(b) relief." Additionally, in Wallace v. Wallace, 1 Haw. App. 315, 321, 619 P.2d 511, 515 (1980), this court recognized that "[i]t is the general rule of common law that a court of record has inherent power to vacate or set aside its judgments or orders during the term at which rendered."

We conclude the family court had jurisdiction to rule on Wife's "Motion for Reconsideration of the Divorce Decree Filed August 1, 2007." Because the family court's ruling was not null and void, subsequent modifications to the family court's 8/1/07 Divorce Decree based on the ruling were valid.

C.  **THE FAMILY COURT ERRED IN FINDING THAT THE SECOND DEED OF TRUST WAS USED FOR IMPROVEMENTS TO THE VIRGINIA RESIDENCE.**

Wife contends the family court erred to the extent it offered inconsistent purposes for the Second Deed of Trust in the D&O and FOF/COL. In the D&O, the family court noted:

> Sometime after the Deed was signed and recorded, Wife testified she encumbered [the] Virginia Residence with a

10

> Second Deed of Trust to [Morris], a friend of hers, in the amount of $35,000.00. She testified she used the money to improve the property. Husband objected to Wife's testimony about the [Second Deed of Trust] because a signed and notarized copy was not presented as evidence under the Best Evidence Rule. To the extent that Wife's testimony indicated there is further debt on the property, her testimony is allowed, and the objection is overruled.

The family court then found the following:

> (4)    **[Second Deed of Trust]**.  Wife testified she further encumbered the Virginia Residence with a Second Deed of Trust given to [Morris] to make improvements. Such improvements could maintain or improve the value of the Virginia Residence. Unless the parties agree otherwise, if Wife wants credit for these improvements, she must produce (a) a signed and notarized version of the Second Deed of Trust and (b) an affidavit specifying the improvements within seven (7) days of the filing of this [D&O].

In the FOF/COL, the family court subsequently found the following:

> 22.    In October 2007,[6] Wife further encumbered the Virginia Residence with a Second Deed of Trust . . ., which was a mortgage loan made to Wife by [Morris], her friend, for $35,000.00. It was unclear precisely how Wife used the funds she received from the [Second] Deed of Trust, whether for improvements to the Virginia Residence or for her attorney's fees in the divorce litigation.

(Footnote not in original.)

Wife contends neither finding reflects the evidence at trial. We agree. At trial, Wife testified she had taken out a second mortgage on the Virginia Residence to pay for improvements to the home. Wife also testified the Second Deed of Trust for $35,000 made in October 2006 and secured by the Virginia Residence was to pay for attorney's fees. Wife's Asset and Debt Statement indicates the creditor of this $35,000 loan was Morris. Further, on June 6, 2007, Wife submitted to the family court copies of a Promissory Note Secured by Deed of Trust and a Second Deed of Trust, evidencing the $35,000 debt to Morris and the security interest in the Virginia Residence.

---

[6]    The actual date of the Second Deed of Trust was October 27, 2006.

Husband does not dispute this evidence, and we find no contradictory evidence in the record. The family court's findings therefore are clearly erroneous to the extent they suggest the Second Deed of Trust was used for improvements to the Virginia Residence. Inoue, 118 Hawai'i at 92-93, 185 P.3d at 840-41.

D.     THE FAMILY COURT CORRECTLY CONCLUDED THE SECOND DEED OF TRUST WAS WIFE'S SEPARATE DEBT.

Wife contends that COL 10, in which the family court concluded the Second Deed of Trust was Wife's separate debt, is wrong. Wife argues that under Hawai'i law, the Second Deed of Trust does not fit the definition of separate property. Wife also argues that because the Second Deed of Trust arises out of the Virginia Residence, a marital asset, it must therefore be a marital debt. Wife provides no authority for this proposition.

Husband contends that even if the family court erred in classifying the debt, the error was harmless because the court ordered the parties to pay their own attorneys' fees. Husband argues that because Wife testified the $35,000 was used to pay her attorney's fees, the $35,000 should be her separate debt pursuant to COL 10. Husband also argues that under Hawai'i law, a reduction in the dollar value of the marital estate through a party's fiscal irresponsibility is chargeable to the fiscally irresponsible party.

We disagree with Husband's dissipation argument because there is no indication in the record that Wife was fiscally irresponsible in encumbering the Virginia Residence to pay her attorney's fees. Cf. Ahlo v. Ahlo, 1 Haw. App. 324, 329, 619 P.2d 112, 117 (1980) (Wife credited for unilaterally reducing marital estate by gifting $25,000 in cash to her three adult children); Higashi v. Higashi, 106 Hawai'i 228, 241, 103 P.3d 388, 401 (App. 2004) (noting that a chargeable reduction to a

12

party occurs "under such circumstances that he or she equitably should be charged with having received the dollar value of the reduction"). Husband's harmless error argument is more persuasive.

HRS § 580-47(a) (2006 Repl.) grants the family court wide discretion to divide and distribute the assets of both parties to a divorce. HRS § 580-47(a) provides in relevant part:

§580-47 Support orders; division of property. (a) Upon granting a divorce, or thereafter if, in addition to the powers granted in subsections (c) and (d), jurisdiction of those matters is reserved under the decree by agreement of both parties or by order of court after finding that good cause exists, the court may make any further orders as shall appear just and equitable . . . (3) finally dividing and distributing the estate of the parties, real, personal, or mixed, whether community, joint or separate; and (4) allocating, as between the parties, the responsibility for the payment of the debts of the parties whether community, joint, or separate, and the attorney's fees, costs, and expenses incurred by each party by reason of the divorce.

(Emphases added.)

In the Second Amended Decree, the family court divided and distributed Husband and Wife's assets and allocated their debts between them. The family court also ordered, adjudged and decreed the following: "15. Attorneys Fees. Each party shall be responsible for his or her own attorney's fees and costs incurred herein, subject to Rule 68, Hawaii Family Court Rules."[7]

---

[7] HFCR 68 provides in relevant part:

Rule 68. Offer of Settlement. At any time more than 20 days before any contested hearing held pursuant to HRS sections 571-11 to 14 (excluding law violations, criminal matters, and child protection matters) is scheduled to begin, any party may serve upon the adverse party an offer to allow judgment to be entered to the effect specified in the offer. Such offer may be made as to all or some of the issues, such as custody and visitation. Such offer shall not be filed with the court, unless it is accepted. If within 10 days after service of the offer the adverse party serves written notice that the offer is accepted, any party may then file the offer and notice of acceptance together with proof of service thereon and thereupon the court shall treat those issues as uncontested.

In the FOF/COL, the family court noted that Wife would receive credit for the Second Deed of Trust if she could furnish proof she used the proceeds therefrom for improvements on the Virginia Residence. On appeal, Wife concedes she used the proceeds for attorneys' fees.

Based on the family court's authority under HRS § 580-47(a) and the court's order in the Second Amended Decree that each party shall bear his or her own attorney's fees, we hold the family court did not err in concluding the Second Deed of Trust was Wife's separate debt.[8]

Because we so hold, we find no need to address Wife's argument that the net present value (NPV) of the Virginia Residence should be recalculated, taking into account the Second Deed of Trust.

### E.    THE FAMILY COURT DID NOT HAVE JURISDICTION TO RULE ON HUSBAND'S MOTION FOR ATTORNEY'S FEES AND COSTS.

Wife contends the family court erred in ruling on Husband's Rule 68 Motion after Wife had filed her Notice of Appeal to this court. Wife argues that Wong v. Wong, 87 Hawai'i 475, 486, 960 P.2d 145, 156 (App. 1998), controls and dictates that "[w]hile a case is on appeal, the lower court lacks jurisdiction to decide any questions pertaining to attorney fees arising out of or relating to the matter on appeal."

Husband argues that post-Wong amendments to HRAP Rule 4(a)(3) permit "trial courts to decide post judgment motions for attorney's fees and reconsideration or new trial."

We do not find Husband's argument persuasive. In French v. French, 110 Hawai'i 399, 404, 133 P.3d 828, 833 (App. 2006), this court cited approvingly to Wong for the proposition

---

[8] To hold that the Second Deed of Trust is a marital debt would force Husband to pay half of Wife's attorney's fees in contravention of the Second Amended Decree, in which the family court ordered each party to pay his or her attorney's fees.

14

that "[w]hile a case is on appeal, the lower court lacks jurisdiction to decide any questions pertaining to attorney fees arising out of or relating to the matter on appeal."

We note that Wife filed her Notice of Appeal on January 20, 2008. Two days later, Husband filed the Rule 68 Motion.

Under these facts and given the applicable law, we hold that the family court erred when it concluded it had jurisdiction to hear the Rule 68 Motion.

### F. THE FAMILY COURT DID NOT ERR IN PRESERVING WIFE'S REQUEST FOR ATTORNEY'S FEES AND COSTS INCURRED IN DEFENSE OF HUSBAND'S RULE 68 MOTION.

Wife contends the family court erred by refusing to rule on her request for attorney's fees and costs incurred in defending Husband's Rule 68 Motion. In its February 9, 2009 "Order Re [Husband's] Motion for Attorney's Fees & Costs Pursuant to Hawaii Family Court Rule 68," the family court ordered:

(1) There will be no hearing on the motion until the case on appeal is resolved;

(2) [Wife's] right to bring a claim for attorney's fees and costs incurred as a result of the Rule 68 Motion is preserved pending the appellate court decision of the case on appeal.

The family court properly stayed Wife's request for attorney's fees and costs pending this appeal pursuant to HFCR Rule 62(d), which provides that "[w]hen an appeal is taken the appellant on such conditions that the court may allow may obtain a stay subject to the exceptions contained in subdivision (a) of this rule.[9] The stay is effective when approved by the court."

---

[9] HFCR Rule 62(a) provides in relevant part:

(a) **Automatic stay: Exceptions -- Injunctions, receiverships and accountings.** Unless otherwise ordered by the court, a temporary order or a judgment containing a restraining order, an order of sequestration, or an order appointing receiver,

(continued...)

In its FOF/COL, the family court made the following COLs:

> 19.    Even if it could be construed that appellate jurisdiction divested the Court of the ability to rule on a timely-filed post trial motion, the Order Re [Husband's] Motion for Attorney's Fees, filed February 9, 2009, stayed any ruling on Husband's Rule 68 request pending the appeal.

> 20.    The Order Re [Wife's] Motion to Stay Pending Appeal filed April 6, 2009, properly approved a stay of the enforcement of the Second Amended Decree pending appeal. [HFCR Rule 62(d)] allows such stays pending an appeal, subject to the exceptions of HFCR Rule 62(a), which do not apply in the instant case.

(Footnote omitted.)

We do not conclude that the COLs were wrong, and we accordingly reject Wife's argument.

## IV.    CONCLUSION

The Second Amended Decree Granting Absolute Divorce filed on December 18, 2008 in the Family Court of the First Circuit is affirmed.

DATED:    Honolulu, Hawai'i, September 27, 2010.

On the briefs:

Steven L. Hartley
Seth R. Harris
(Elsa F.M. McGehee with
them on the Opening Brief)
(Lockwood & Hartley, ALC)
for Defendant-Appellant.

R. Steven Geshell
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

---

[9](...continued)
or a judgment or order directing an accounting, or an order for income assignment for child support, shall not be stayed during the period after its entry and until an appeal is taken, or during the pendency of an appeal.

16