NATIVIDAD CORPUZ ESCRITOR, Special Administrator of the Estate of FERNANDO ESCRITOR, Deceased, NATIVIDAD CORPUZ ESCRITOR, Individually, and FRANCISCO ESCRITOR, Plaintiffs-Appellants, *v.* MAUI COUNTY COUNCIL, LTD., BOY SCOUTS OF AMERICA, and ANTONE KINORES, Defendants-Appellees

NO. 7948

(CIVIL NO. 3944)

AUGUST 4, 1982

RICHARDSON, C.J., LUM, NAKAMURA, J.J.
AND RETIRED JUSTICES OGATA AND MENOR
ASSIGNED BY REASON OF VACANCIES

OPINION OF THE COURT BY MENOR, J.

This appeal comes to us by way of a petition for writ of certiorari, filed by the Plaintiffs-Appellants below, which was granted by this court on July 6, 1981. Supplemental briefs in support or in opposition to the issues raised on the petition for certiorari were requested and received by the court on September 18, 1981.

*FACTS*

On November 3, 1978, the Petitioners-Appellants Escritors (hereinafter "Appellants") filed a complaint in the Second Circuit Court against the Respondents-Appellees (hereinafter "Appellees") charging them with negligence in the events surrounding the death of Fernando Escritor at a cub scout outing. On April 20, 1979, the

Appellants filed a motion for summary judgment denying liability in Fernando Escritor's death. A hearing on the motion was held before the Honorable Kase Higa on May 10, 1979. At that hearing Judge Higa orally granted the Appellees' motion. A written order to that effect was duly filed on May 16, 1979.

On May 31, 1979, Appellants' filed a ex parte motion for enlargement of time to file a motion for reconsideration. That motion for enlargement of time was granted; and on June 8, 1979, Appellants' motion for reconsideration was filed. A hearing on the motion for reconsideration held on June 21, 1979 resulted in the trial judge taking the matter under advisement to give Appellants' counsel time to submit further evidence. For ten months nothing further was filed.

On April 14, 1980, Appellees filed a motion for entry of final judgment. In response, Appellants filed a memorandum in opposition to that motion and in support of their motion for reconsideration. On May 15, 1980, the trial court granted the Appellees' motion for entry of final judgment while denying the Appellants' motion for reconsideration. A notice of appeal from the trial judge's May 16, 1979 and May 15, 1980 orders was filed on June 13, 1980. After briefing, the appeal was assigned to the Intermediate Court of Appeals.

On April 8, 1981, the Intermediate Court of Appeals *sua sponte* ordered additional briefing on the issue of whether the court had jurisdiction to hear the appeal. After these additional briefs were filed, but without allowing for oral argument, the intermediate appellate court issued its decision on June 2, 1981. In that decision, the court dismissed the appeal for lack of timely filing. A motion for reconsideration by appellants was subsequently denied on June 16, 1981. The present application for writ of certiorari was taken from the intermediate appellate court's decisions of June 2 and 16, 1981.

## DISCUSSION

We note that in their application for writ of certiorari, the appellants contend that the intermediate appellate court committed substantive as well as procedural errors. We address the procedural error first.

The appellants argue that intermediate appellate court's issuance of a decision without calling for oral argument violated their right to be heard. We agree.

An examination of the rules of the Supreme Court and of the Intermediate Court of Appeals shows that parties whose cases are assigned to the intermediate appellate court have a right to be heard. In contrast, parties before the Supreme Court do not possess an absolute right to be heard. Intermediate Court of Appeals Rule 4(a) simply provides:

Rule 4.   ORAL ARGUMENTS.

(a) Submission on the Brief. Unless the court directs otherwise, parties to any case may stipulate to submit the case or matter on the briefs without oral argument.

Contrastingly, Supreme Court Rule 4(a) provides:

Rule 4.   ORAL ARGUMENTS.

(a) Submission on the Briefs. Unless the court directs otherwise, parties to any case may stipulate to submit the case or matter on the briefs without oral argument. *The court on its own motion may order a case or matter submitted on the briefs without oral argument.*

If the court has ordered a case submitted on the briefs, any party or parties, within 10 days after mailing of the clerk's notice of its action, may file a motion for retention of oral argument, supported by a statement of reasons. [Emphasis added]

While the intermediate appellate court rule does provide that parties may stipulate to submit an appeal on the briefs, nowhere does it provide for the court's ordering that an appeal be submitted on the briefs without benefit of oral argument.

Furthermore, HRS § 602-55 provides in pertinent part that "*[p]arties shall be entitled to a hearing* before a panel of not less than three intermediate appellate judges." (Emphasis added) There is neither statutory provision nor rule of court which authorizes the intermediate appellate court to decide an appeal without having oral argument. The fact that a question was raised regarding the court's jurisdiction to hear the appeal does not detract from the parties' right to be heard, absent a stipulation to submit on the briefs entered into by both parties.

It is true that Rule 4 of the Hawaii Supreme Court Rules provides: " . . . [T]he court on its own motion may order a case or matter submitted on the briefs without oral argument." However, this rule

is applicable only to the Hawaii Supreme Court and not the Intermediate Court of Appeals. Under the present court rules, oral arguments before the Intermediate Court are mandatory (unless waived by both parties), while oral arguments before the Supreme Court are discretionary. *See* Goodbody and Hood, *An Introduction to Hawaii's New Appellate System,* 15 Haw. B. J. 47, 59 (1980).

For the foregoing reasons, this appeal is remanded to the Intermediate Court of Appeals with directions to schedule and hold oral argument.[1]

*David H. White (Okano, Wong and White,* of counsel) petitioner-appellants.

*Walter Davis and Ashley K. Fenton (Davis & Playdon,* of counsel) for respondent-appellees.

---

[1] Although we hold today, that the Intermediate Court of Appeals erred in not holding an oral argument on the issues raised on the appeal, we are inclined, on the basis of the present record, to agree with its conclusion that dismissal of the appeal for lack of timely filing was proper. In reviewing the record, it appears that the Appellants did not file its motion for reconsideration in a timely manner. Because of this, the intermediate appellate court properly distinguished those cases which hold that a timely filing of a motion for reconsideration can be deemed to toll the filing deadline for appeals to an appellate court.