STATE OF HAWAII, Plaintiff-Appellee, *v.* LYLE J. MAMALIAS, Defendant-Appellant

NO. 12305

(CRIMINAL NO. 85-0908)

MARCH 28, 1988

LUM, C.J., NAKAMURA, PADGETT, HAYASHI AND WAKATSUKI, JJ.

OPINION OF THE COURT BY PADGETT, J.

On November 8, 1985, a jury found appellant guilty of kidnapping (HRS § 707-720(1)(d).), burglary in the first degree (HRS § 708-810(1)(c) ), and assault in the third degree (HRS § 707-712(1)(a) ). Pursuant to the jury verdict, a judgment was entered on December 20, 1985, sentencing appellant to three concurrent terms of 20 years, 10 years and 1 year, respectively, with a five-year minimum on the first two. Appellant filed a motion for reconsideration and reduction of sentence on March 19, 1986 and, as a result thereof, on May 2, 1986 the court below entered an order reducing minimum term to be served to one year.

No appeal was taken from the judgment of conviction or from the order reducing the sentence.

On March 16, 1987, appellant filed an HRPP 40 petition to vacate, set aside or correct the judgment or release the appellant from custody. He alleged four grounds: (1) denial of a right of appeal, contending that his then counsel had failed to follow his instructions to file an appeal, (2) the prosecution at his trial had

withheld discoverable materials, (3) he had had the ineffective assistance of counsel at trial, and (4) his conviction was obtained by the use of a coerced confession.

After a hearing, the court below on July 24, 1987 entered an order purporting to grant post-conviction relief in the form of allowing appellant to take this appeal from the judgment and sentence in the underlying criminal case, even though the time for filing a notice of appeal had expired over one and one-half years earlier. The trial judge did not pass on the other grounds urged as a basis for relief in the appellant's HRPP 40 petition.

HRAP 4(b) provides that an appeal in a criminal case must be taken within 30 days after the entry of the judgment or order appealed from unless a timely motion in arrest of judgment or for a new trial is filed, in which case, the appeal shall be taken within 30 days from the entry of an order denying such a motion. The rule gives the court imposing the judgment, upon a showing of excusable neglect, or good cause, no later than 30 days after the time for appeal has expired, the power to extend the time for appeal, on notice and motion, for a period not to exceed 30 days from the expiration of the time otherwise provided.

Once the time for appeal has expired, a person, such as appellant, who seeks to set aside the conviction must proceed under the provisions of HRPP 40 in the court in which the conviction was rendered. HRPP 40(f) requires that such a person be given a hearing. HRPP 40(g) provides as follows:

> If the court finds in favor of the petitioner, it shall enter an appropriate order with respect to the judgment or sentence in the former proceeding, or with respect to custody based on such judgment, and such supplementary orders as to rearraignment, retrial, custody, bail, discharge or other matters as may be necessary or proper. The court shall state its findings of fact and conclusions of law in entering its judgment on the petition.

In this case, the judge below, rather than disposing of the matter as required by HRPP 40(g), attempted to authorize a late appeal. The clear provisions of HRAP 4(b) and of HRPP 40(g) do not allow the trial judge the power to enter an order, in an HRPP 40 proceeding, extending the expired time for appeal in the underlying criminal case.

Appellant is, however, entitled to a hearing on the merits of his claims in his HRPP 40 proceeding. The appeal is dismissed, but the case is remanded, with instructions to vacate the order entered in S.P.P. No. 87-0010 and hold a hearing on the merits of the appellant's claims for relief set forth in that case, to enter findings of fact and conclusions of law thereon, and for such other and further proceedings as may be consistent with this opinion and with the rules of court. Remanded.

*Louis Michael Ching (Ching & Arakaki)* for appellant.

*Arthur E. Ross (Ellen B. Politano* on the brief), Deputy Prosecuting Attorneys, for appellee.