897 P.2d 953

**James K. WONG, Plaintiff–Appellant,**

v.

**Henry Ho WONG and Colene Smith Wong, husband and wife, individually, and as tenants by the entirety, Defendants–Appellees.**

**No. 18011.**

Supreme Court of Hawai'i.

June 6, 1995.

---

Gary Victor Dubin, on the briefs, Honolulu, for plaintiff-appellant.

Edward A. Jaffe, Phillip A. Li and Brian I. Ezuka, Torkildson, Katz, Jossem, Fonseca, Jaffe, Moore & Hetherington, on the briefs, Honolulu, for defendants-appellees.

Before MOON, C.J., and KLEIN, LEVINSON, NAKAYAMA and RAMIL, JJ.

RAMIL, Justice.

Plaintiff–Appellant James K. Wong appeals after entry of an amended final judgment by the first circuit court in favor of Defendants–Appellees Henry Ho Wong and Colene Smith Wong.

For the reasons stated below, we vacate the amended final judgment entered January 20, 1994 and reinstate the final judgment entered December 28, 1993.

## I. Relevant Facts

Plaintiff–Appellant James Wong (Appellant) sued Defendants–Appellees Henry and Colene Wong (Appellees). Appellant asserted claims denominated "breach of contract," "promissory estoppel," "fraud and deceit," "quantum meruit," and "breach of a settlement agreement." Appellant sought compensatory and punitive damages. No counterclaims or cross-claims were filed.

After a special jury verdict in favor of the Appellees, the circuit court entered judgment as follows:

### FINAL JUDGMENT

Final Judgment is hereby entered in favor of Defendants Henry Ho Wong and Colene Smith Wong and against Plaintiff James K. Wong as follows:

1. Plaintiff's Complaint and all claims therein alleged are hereby dismissed with prejudice, and Plaintiff shall recover nothing against Defendants, or either of them, on said Complaint.

2. Defendants shall have and recover from and against Plaintiff the amount of $192,280.24, consisting of reasonable attorneys' fees under HRS § 607–14 in the amount of $175,000 and taxable costs in the amount of $17,280.24.

DATED: Honolulu, Hawaii, December 22, 1993.

The clerk entered the judgment on December 28, 1993. On January 11, 1994, the clerk entered a notice of entry of judgment pursuant to Rule 77(d) of the Hawai'i Rules of Civil Procedure (HRCP). The notice of entry is dated January 10, 1994 and signed by the clerk, apparently on that date. The notice bears a notation "copies sent to" counsel for Appellant.

The record shows no further entries until January 20, 1994, when the clerk entered an "amended final judgment" as follows:

### AMENDED FINAL JUDGMENT

The Court hereby amends its Final Judgment entered on December 28, 1993 by withdrawing the prior Final Judgment and by reinstating that Final Judgment effective with the entry of this Amended Final Judgment.

Final Judgment is hereby entered in favor of Defendants Henry Ho Wong and Colene Smith Wong and against Plaintiff James K. Wong as follows:

1. Plaintiff's Complaint and all claims therein alleged are hereby dismissed with prejudice, and Plaintiff shall recover nothing against Defendants, or either of them, on said Complaint.

2. Defendants shall have and recover from and against Plaintiff the amount of $192,280.24, consisting of reasonable attorneys' fees under HRS § 607–14 in the amount of $175,000 and taxable costs in the amount of $17,280.24.

DATED: Honolulu, Hawaii, January 19, 1994.

On January 21, 1994, the clerk entered a notice of entry of the amended final judgment, pursuant to HRCP 77(d).

On February 3, 1994, Appellant moved, pursuant to HRCP 7(b),[1] 59(e),[2] and 62(d),[3] to alter or amend the January 20, 1994 amended judgment and to stay it. Appellant's certificate of service states that the motion was served on January 31, 1994. On March 14, 1994, the circuit court denied Appellant's motion to alter or amend the judgment.

On April 11, 1994, Appellant Wong filed his notice of appeal.

## II. Issue

Appellant formulates 17 substantive issues in this appeal. *Sua sponte*, we pose the dispositive question as whether the circuit

---

1. HRCP 7(b) requires written motions for applications made outside of a hearing or trial. The rule is not directly relevant to our discussion and will not be discussed further.

2. HRCP 59(e) provides:
   **(e) Motion to Alter or Amend a Judgment.** A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment.

3. HRCP 62(d) provides a means for obtaining a stay pending appeal. HRCP 62(d) is not relevant to our determination of this appeal, and we do not consider it further.

court had jurisdiction to enter the amended judgment from which appeal is taken.

## III. *Discussion*

█ In each appeal, the supreme court is required to determine whether it has jurisdiction. *See, e.g., Jenkins v. Cades Schutte Fleming & Wright,* 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994). Jurisdiction is the base requirement for any court considering and resolving an appeal or original action. Without jurisdiction, a court is not in a position to consider the case further. *Pele Defense Fund v. Puna Geothermal Venture,* 77 Hawaiʻi 64, 69 n. 10, 881 P.2d 1210, 1215 n. 10 (1994). An appellant's failure to file a timely notice of appeal is a jurisdictional defect that can neither be waived by the parties nor disregarded by the court in the exercise of judicial discretion. *Bacon v. Karlin,* 68 Haw. 648, 650, 727 P.2d 1127, 1129 (1986). Jurisdiction cannot be conferred by agreement of the parties. *O'Daniel v. Inter-Island Resorts Ltd.,* 46 Haw. 197, 208, 377 P.2d 609, 615 (1962) (jurisdiction of circuit court at issue). A judgment rendered by a court without subject matter jurisdiction is void, questions about the trial court's subject matter jurisdiction may be raised at any stage of the case, and "we have jurisdiction here on appeal, not on the merits, but for the purpose of correcting an error in jurisdiction." *Bush v. Hawaiian Homes Comm'n.,* 76 Hawaiʻi 128, 133, 870 P.2d 1272, 1277 (1994).

In this case, a final judgment as to all claims was entered in the circuit court on December 28, 1993. A notice of appeal filed within 30 days after entry of that judgment would have invoked the jurisdiction of this court. Hawaiʻi Rules of Appellate Procedure (HRAP) 4(a)(1). However, the notice of appeal was not filed until April 11, 1994, some 104 days after entry of the December 28, 1993 final judgment. In the interim between the December 28, 1993 judgment and the April 11, 1994 notice of appeal, the trial court, *sua sponte,* vacated the December 28, 1993 judgment and reentered it as an amended judgment on January 20, 1994. The January 20, 1994 amended judgment did not change the substantive terms of the December 28, 1993 judgment. The effect of the amended judgment was to extend the time for serving a motion to alter or amend the judgment pursuant to HRCP 59(e) and, by operation of HRAP 4(a)(4), to extend the time for filing the notice of appeal.[4] The record is silent as to the reason for entry of the amended judgment.

The circuit court's actions in this case are contrary to the specific prohibitions of HRCP 6(b) and the exclusive means for enlarging the time for filing a notice of appeal prescribed by HRAP 4(a)(4) and (5).

At common law, a court of record had authority to vacate or set aside its judgment during the term in which it was rendered. *See, e.g., DuPonte v. DuPonte,* 53 Haw. 123, 126, 488 P.2d 537, 539–540 (1971); *Wallace v. Wallace,* 1 Haw.App. 315, 321, 619 P.2d 511, 515 (1980). With few exceptions, the jurisdiction of a court over its judgments terminated with the close of the term at which the judgment was rendered. *See, e.g., Goo v. Hee Fat,* 34 Haw. 123, 126–127 (1937). However, terms of circuit courts were abolished in 1972, *see* 1988 Haw.Sess.L.Act 88, § 3; *Wallace v. Wallace,* 1 Haw.App. 315, 321, 619 P.2d 511, 515 (1980), and our circuit courts now sit in continuous session.

█ In the circumstances of this case, a question arises as to whether the circuit court could *sua sponte* vacate and reenter its own judgment. In the absence of rules and terms of court, a court may act to alter its own judgment within "proper limitations of time." *See, e.g., Tavares v. Tavares,* 58 Haw. 541, 574 P.2d 125 (1978), and *Wallace v. Wallace,* 1 Haw.App. 315, 619 P.2d 511 (1980) (applying common law principles to events occurring in the family courts before the effective dates of the Family Court Rules). However, the circuit courts are now governed by the Hawaiʻi Rules of Civil Procedure. Those rules set forth the circumstances under and the times within which the circuit courts may take actions to review and set aside their own judgments, *see* HRCP 50, 52(b), 59, and 60, and a rule, HRCP 6(b), that specifically limits the granting of extensions

---

4. We note that, at the time the court entered the amended judgment, Appellant still had time to file a notice of appeal from the December 28, 1993 judgment.

of time to take such actions.[5] Once a valid judgment is entered, the only means by which a circuit court may thereafter alter or amend it is by appropriate motion under HRCP 59(e). *DuPonte,* 53 Haw. at 126, 488 P.2d at 539.

We recognize that, in this case, Appellant did not receive the December 28, 1993 entry of judgment until after the time for filing and serving an HRCP 59 motion had passed, but that lack of notice is of no consequence. HRCP 77(d)[6] plainly provides that the failure of the clerk to serve notice of entry of judgment "does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Hawaii Rules of Appellate Procedure." The exceptions permitted by HRAP 4 are: (1) timely post-judgment motions that toll the time for filing the notice of appeal, *see* HRAP 4(a)(4); and (2) extensions of time for filing the notice of appeal granted under the conditions set out in HRAP 4(a)(5). Appellant did not file or serve a timely motion to toll the time for taking an appeal before the court entered its amended judgment.

---

**5.** Our HRCP 6(b) is copied from the similar federal rule, Rule 6(b) of the Federal Rules of Civil Procedure (FRCP). The purpose of the similar federal rule was to clarify the finality of judgments. 2 *Moore's Federal Practice* ¶ 6.01[17] (1994). "Prior to the advent of the Federal Rules of Civil Procedure, the general rule" was that a federal district court lost "jurisdiction to disturb its judgments, upon the expiration of the term at which they were entered" and that rule "had long been the classic device which (together with the statutory limits on the time for appeal) gave finality to judgments." *Id.* The addition of FRCP 6(b) was "based on the view that there should be a definite point where it can be said a judgment is final ... abolish[ing] the long standing device to produce finality in judgments through expiration of the term, and ... some other limitation must be substituted or judgments never can be said to be final." *Id.* The advisory committee notes to the 1948 amendments to FRCP 6(b) assert:

> The amendment of Rule 6(b) now proposed is based on the view that there should be a definite point where it can be said a judgment is final; that the right method of dealing with the problem is to list in Rule 6(b) the various other rules whose time limits may be set aside, and then, if the time limit in any of those other rules is too short, to amend that other rule to give a longer time. The further argument is that Rule 6(c) abolished the long standing device to produce finality in judgments through expiration of the term, and since that limitation on the jurisdiction of courts to set their own judgment has been removed by Rule 6(c), some other limitation must be substituted or judgments never can be said to be final.

Advisory Committee Notes to the Rules of Civil Procedure for the United States District Courts, 12 Wright & Miller, *Federal Practice & Procedure,* Appendix C, at 375–76 (1973). The 1948 amendment to Rule 6(b) was designed to clarify the scope of the rule and to eliminate uncertainty as to when a judgment was final. 4A Wright & Miller, *Federal Practice & Procedure* § 1167 at 494 (2d ed. 1987). Plainly, it was the intent of those who drafted the rule that a judgment should be final unless challenged under specific rules. They provided that the time for such challenges could not be enlarged so that the time of finality would be fixed and certain. The effect of the federal rule and our similar rule is to both broaden and limit the time in which a trial court may revisit its own judgment. No longer is the court deprived of its authority by expiration of a term of court, but once the time has passed within which the judgment can be challenged, the court is without authority to revisit and redetermine its own judgment. That is, the judgment becomes final and not subject to further review. *Cf. State v. Reed,* 77 Hawai'i 72, 83, 881 P.2d 1218, 1229 (1994) (The [circuit] court was without authority to waive the time requirements set forth in [Hawai'i Rules of Penal Procedure Rules] 29(c) and 33 and therefore, was without jurisdiction to entertain [Appellant's] motions for new trial and judgment of acquittal); *State v. Chen,* 77 Hawai'i 329, 333, 884 P.2d 392, 396 (App.1994) (Because Defendant ... failed to file his [motion for judgment of acquittal] within the requisite time period, the circuit court lacked jurisdiction to hear it) *cert. denied,* 77 Hawai'i 489, 889 P.2d 66 (1994).

**6.** HRCP Rule 77(d) provides:

> **(d) Notice of Orders or Judgments.** Immediately upon entry of a judgment, or an order for which notice of entry is required by these rules, that clerk shall serve a notice of entry by mail in the manner provided for in Rule 5 upon each party affected thereby who is not in default for failure to appear, and shall make a note in the docket of the mailing. Such mailing is sufficient notice for all purposes for which the notice of the entry of a judgment or order is required by these rules. In addition, immediately upon entry, the party presenting the judgment or order shall serve a copy thereof in the manner provided by Rule 5. *Lack of notice of the entry by the clerk or failure to make such service, does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Hawaii Rules of Appellate Procedure.*
> (Emphasis added).

Appellant did not seek and the circuit court did not grant an extension of time to file the notice of appeal. Thus, the judgment was final and appealable as of December 28, 1993.[7] If the statutory right to appeal were to be preserved in this case, it was incumbent upon Appellant to either seek an extension of time to file the notice of appeal under HRAP 4(a)(5) or to file the notice of appeal. The trial court was no longer authorized to consider an HRCP 59 motion, *see* HRCP 6(b), and the parties could not confer jurisdiction upon the court by agreement, *see, e.g., O'Daniel v. Inter–Island Resorts, Ltd.,* 46 Haw. 197, 209, 377 P.2d 609, 615 (1962).

■ Nor could the circuit court *sua sponte* vacate its final judgment to allow untimely service of an HRCP 59 motion, for doing so would allow precisely what is prohibited by HRCP 6(b). *Cf. Escritor v. Maui County Council,* 2 Haw.App. 200, 202, 629 P.2d 1146, 1148 (1981) (The circuit court lacks jurisdiction to extend the time for filing a motion under HRCP 59(e)), *cert. granted and case remanded to the ICA for oral argument,* 65 Haw. 162, 649 P.2d 374 (1982) (supreme court agreed motion for reconsideration not filed timely, but remanded for oral argument because the rules required oral argument of all ICA cases except upon stipulation to the contrary); *State v. Mamalias,* 69 Haw. 581, 582, 751 P.2d 1029, 1030 (1988) (A trial judge, in an HRPP 40 proceeding, has no power to extend the expired time for filing a notice of appeal in the underlying criminal case.). Likewise, HRAP 26[8] bars any court from changing the jurisdictional requirements of HRAP 4. By entering, vacating, and reentering the judgments in this case, the circuit court did exactly what is prohibited by

HRCP 6 and HRAP 26(b), and it did so after it had lost jurisdiction to alter or amend its judgment. Thus, the amended final judgment entered on January 20, 1994 must be vacated, and the December 28, 1993 judgment must be reinstated.

■ In this case, the notice of appeal should have been filed within thirty days after entry of the December 28, 1993 judgment, HRAP 4(a)(1), or Appellant should have sought an extension of time under HRAP 4(a)(5). The failure to file a timely notice of appeal is fatal to review of any issues raised by the judgment entered on December 28, 1993. The December 28, 1993 judgment was not subject to vacation by the trial judge under the circumstances presented by this case, and it is no longer subject to review by way of appeal.

## IV. *Conclusion*

The December 28, 1993 judgment, having been vacated by the trial court when it lacked authority to do so, and the January 20, 1994 amended judgment, having been entered when the circuit court did not have jurisdiction to enter it, we must exercise our supervisory authority under HRS §§ 602–4 (1985) and 602–5 (1985) to vacate the January 20, 1994 judgment and reinstate the December 28, 1994 judgment.[9]

Accordingly, the amended final judgment entered on January 20, 1994 is vacated. The December 28, 1993 judgment is reinstated. In all other respects, this appeal is dismissed.

---

7. We are not faced with the situation where a judgment is vacated upon a timely motion under HRCP 60. *See generally* 9A Moore's Federal Practice, ¶ 204.13[5] (1994). In this case, the December 28, 1993 judgment was vacated and reentered at a later date without a motion by either party. *Cf. Bloudell v. Wailuku Sugar Co.,* 4 Haw.App. 498, 500 n. 5, 669 P.2d 163, 166 n. 5 (1983) (notes the general rule that it is an abuse of discretion to set aside a judgment under HRCP 60(b)(6) where the sole basis for doing so is the fact that notice of judgment was not received).

8. HRCP 6 is quoted above. HRAP 26(b) provides, in relevant part:

The Hawaii appellate courts for good cause shown upon motion may enlarge the time prescribed by these rules for doing any act, or may permit an act to be done after the expiration of such time. Provided, however, no court is authorized to change the jurisdictional requirements contained in Rule 4, *supra.*

9. Denial of the HRCP 59 motion could, perhaps, have been reviewed as denial of an HRCP 60 motion. However, Appellant did not argue the motion as a Rule 60 motion below and does not argue the denial should be reviewed as a Rule 60 denial on appeal. Thus, we declined to engage in such a review.