**Electronically Filed
Supreme Court
SCWC-16-0000266
13-MAY-2021
07:57 AM
Dkt. 22 MO**

SCWC-16-0000266

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---

JERRY ELDER AS TRUSTEE OF THE ELDER TRUST,
Petitioner/Plaintiff-Counterclaim Defendant-Appellant-
Cross-Appellee,

vs.

THE BLUFFS AT MAUNA KEA COMMUNITY ASSOCIATION,
Respondent/Defendant-Counter Claimant-Cross Claim Defendant-
Appellee-Cross-Appellee,

and

ROBERT V. GUNDERSON, JR. and ANNE D. GUNDERSON,
Respondents/Defendants-Counter Claimants-Cross-Claimants-
Appellees-Cross-Claim Appellants.

---

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-16-0000266; CASE NO. CIV. NO. 11-1-088K)

MEMORANDUM OPINION
(By: Recktenwald, C.J., Nakayama, McKenna, and Wilson, JJ.,
and Circuit Judge Somerville, in place of Pollack J., recused)

This case arises from a dispute between neighbors

Jerry Elder, as trustee of the Elder Trust (Elder), and

Robert V. Gunderson, Jr. and Anne Gunderson (the Gundersons),

over the height of naupaka plants on the Gundersons' property.

After a lengthy bench trial before the Circuit Court of the Third Circuit (circuit court) and some procedural complexities, Elder sought relief from the terms of the circuit court's final judgment. The circuit court denied Elder's request and, on appeal, the Intermediate Court of Appeals (ICA) held that it lacked jurisdiction over Elder's claims. However, a review of the record reveals that Elder properly raised his challenge to the circuit court's ruling on his request for relief from judgment. Because the ICA had jurisdiction over these claims, the ICA erred in affirming the circuit court's ruling without addressing the merits of Elder's claims. This court therefore vacates in part the ICA's judgment and remands this case to the ICA for further proceedings consistent with this memorandum opinion.

## I.    BACKGROUND

Elder and the Gundersons both own vacation homes in The Bluffs at Mauna Kea (The Bluffs) in Kohala, Hawaiʻi. According to Elder, one of the attracting features of The Bluffs was a guarantee of protected waterfront views for all property owners. For roughly eight years, Elder and the Gundersons lived alongside one another in apparent harmony, until the Gundersons failed to trim their naupaka plants. In particular, the Gundersons built a stone wall along the Elder and Gundersons' shared property line, and planted naupaka on the side of the

wall facing Elder so that Elder would not see the stone wall. The Gundersons also extended the naupaka plantings to form a hedge around their entire property.

On March 22, 2011, Elder filed a complaint against the Gundersons and The Bluffs at Mauna Kea Community Association (the Community Association) in the circuit court.[1] Elder asserted that the Gundersons' naupaka plants blocked Elder's "view of the ocean, the historic town of Puako and the South Kohala coast." Elder sought injunctive relief requiring the Gundersons to trim all of the naupaka plants so that none grew taller than thirty feet. The Gundersons filed a number of counterclaims against Elder. Both parties alleged, inter alia, that the other breached the Community Association's governing documents. After a lengthy bench trial, the circuit court issued its Findings of Fact, Conclusions of Law, and Judgment on October 31, 2014. As relevant here, the circuit court concluded that the Gundersons breached the governing documents by growing the naupaka plants taller than the border wall. The circuit court consequently ordered that the "Gunderson[s are] enjoined from maintaining the height of the naupaka above the height of the wall and [are] directed to reduce the height within one

---

[1] The Honorable Elizabeth A. Strance presided over the matter from its initiation until March 2015.

The Honorable Ronald Ibarra presided over the matter thereafter.

3

hundred and twenty (120) days from the date of this order." The circuit court issued its corresponding Final Judgment on March 16, 2015 (March 16, 2015 Judgment).

Regarding Elder's claims, the March 16, 2015 Judgment provided in relevant part:

> JUDGMENT IS HEREBY ENTERED as follows:
>
> 1. In favor of JERRY ELDER as to his breach of contract claim against ROBERT V. GUNDERSON, JR. and ANNE D. GUNDERSON and THE BLUFFS AT MAUNA KEA COMMUNITY ASSOCIATION for failing to maintain the naupaka at the height of the wall it fronts.

The Gundersons appealed the circuit court's judgment to the ICA. However, on July 24, 2015, the ICA dismissed the appeal for lack of jurisdiction because the circuit court did not resolve one of the Gundersons' counter-claims.

During the pendency of the appeal, the case was reassigned to Judge Ronald Ibarra.

On October 13, 2015, Elder filed a motion to enforce the March 16, 2015 Judgment in an attempt to compel the Gundersons to trim all[2] of the Gundersons' naupaka plants to the height of the border wall. Both the Community Association and the Gundersons responded by arguing that the March 16, 2015 Judgment was limited to the naupaka plants adjacent to the border wall.

---

[2] This request points to the heart of the dispute: whether the March 16, 2015 Judgment restricted the height of all of Gunderson's naupaka plants or just the naupaka plants adjacent to the border wall.

4

On December 17, 2015, following a hearing on Elder's motion, the circuit court denied the motion and entered an amended final judgment (December 17, 2015 Judgment).  With respect to Elder's claims, the December 17, 2015 Judgment provided in relevant part:

> 2.    As to Count II (Breach of Contract, Breach of Governing Documents and Protective Covenants, Conditions and Restrictions), Judgment is entered in favor of Elder against the Gundersons and The Bluffs for failing to maintain the naupaka at the height of the wall it fronts, pursuant to the FF/CL/Judgment at 26 (¶1).  In all other respects, judgment is entered in favor of The Bluffs and the Gundersons against Elder, pursuant to the FF/CL/Judgment at 26 (¶2).
>
> 3.    As to Count IX (Injunctive Relief), Judgment is entered in favor of Elder against the Gundersons as follows: The Gundersons are ORDERED to cut back the naupaka to the height of the adjacent wall between the Gundersons and Elder properties within 120 days of entry of the FF/CL/Judgment unless otherwise agreed by all parties in writing; and the Gundersons are ENJOINED from maintaining the height of the naupaka above the height of said wall, pursuant to the FF/CL/Judgment at 27 (¶¶8-9).  Judgment is entered in favor of Elder against The Bluffs; The Bluffs shall enforce these covenants pursuant to the Governing Documents, pursuant to the FF/CL/Judgment at 27 (¶12).  In all other respects, Judgment is entered in favor of The Bluffs and the Gundersons against Elder, pursuant to the FF/CL/Judgment at 26 (¶2).

On January 14, 2016, Elder filed a motion for relief from the December 17, 2015 Judgment pursuant to Hawai'i Rules of Civil Procedure (HRCP) Rule 60(b)[3] (Rule 60(b) Motion).  However,

---

[3]    HRCP Rule 60(b) (2006) provides in relevant part:

> Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud, etc.  On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered
>
> (continued . . .)

Elder did not specify which of HRCP Rule 60(b)'s six possible bases provided a foundation for the Rule 60(b) Motion.[4]  As relevant here, Elder asserted that Judge Ibarra's inclusion of the words "between the Gundersons and Elder properties" substantially changed the March 16, 2015 Judgment by requiring the Gundersons to trim only the naupaka plants on the shared Gunderson and Elder property line.

On March 10, 2016, the circuit court denied Elder's Rule 60(b) Motion (March 10, 2016 Denial).

On March 30, 2016, Elder filed a notice of appeal to the ICA.  In his opening brief, Elder raised five issues: (1) whether Judge Ibarra erred by failing to comply with the requirements of HRCP Rule 63[5]; (2) whether Judge Ibarra erred by

---

evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.  The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.  A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation.

[4]    Based upon the emphasis added to the quoted language of HRCP Rule 60(b), Elder intended to base his motion on a mistake pursuant to HRCP Rule 60(b)(1), an inequity pursuant to HRCP Rule 60(b)(5), and/or any other reason justifying relief pursuant to HRCP Rule 60(b)(6).

[5]    HRCP Rule 63 (2000) provides:

(continued . . .)

"substantially altering" the March 16, 2015 Judgment by including the words "between the Gundersons and Elder properties" in the December 17, 2015 Judgment; (3) whether Judge Ibarra erred by "failing to recognize that the height limitation applies to the entire special setback area[;]" (4) whether the circuit court erred in holding that the Community Association could not be held liable; and (5) whether the circuit court erred in holding that no party was a prevailing party. In sum, issue 1, the HRCP Rule 63 claim, challenged whether Judge Ibarra could exercise jurisdiction over Elder's claims; issues 2 and 3, the Rule 60(b) claims, disputed Judge Ibarra's ruling on the Rule 60(b) Motion; and issues 4 and 5, the direct challenges, contested the December 17, 2015 Judgment.

During the ICA proceedings, the Gundersons argued that the ICA could not exercise jurisdiction over Elder's points of error. In particular, the Gundersons asserted that Elder's direct challenges to the December 17, 2015 Judgment were untimely because the notice of appeal was filed more than thirty

---

If a trial or hearing has been commenced and the judge is unable to proceed, any other judge may proceed with it upon certifying familiarity with the record and determining that the proceedings in the case may be completed without prejudice to the parties. In a hearing or trial without a jury, the successor judge shall at the request of a party recall any witness whose testimony is material and disputed and who is available to testify again without undue burden. The successor judge may also recall any other witness.

days after Judge Ibarra entered the December 17, 2015 Judgment and because the Rule 60(b) Motion did not toll the deadline for filing an appeal.  The ICA agreed that it lacked jurisdiction over Elder's direct challenges.  Nevertheless, the ICA concluded that it could exercise jurisdiction over the Rule 60(b) claims.

On October 31, 2019, the ICA issued a summary disposition order affirming the circuit court's denial of Elder's Rule 60(b) Motion.  After noting that the ICA had already dismissed the direct challenges to the December 17, 2015 Judgment, the ICA held that "Elder fail[ed] to raise any arguments pertaining to the Rule 60(b) Order over which [it possessed] appellate jurisdiction."  In particular, the ICA explained that Elder failed to comply with Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b)(4)[6] because his opening

---

[6]     HRAP Rule 28(b)(4) (2016) provides in relevant part:

> Opening Brief.  Within 40 days after the filing of the record on appeal, the appellant shall file an opening brief, containing the following sections in the order here indicated:
>
>   . . . .
>
>    (4) A concise statement of the points of error set forth in separately numbered paragraphs.  Each point shall state: (i) the alleged error committed by the court or agency; (ii) where in the record the alleged error occurred; and (iii) where in the record the alleged error was objected to or the manner in which the alleged error was brought to the attention of the court or agency.  . . .
>
>   . . . .

(continued . . .)

brief did "not indicate where in the record or the manner in which [the points of error] were raised in the [c]ircuit [c]ourt." Additionally, the ICA concluded that "none of Elder's arguments on appeal address the standards or requirements for relief under HRCP Rule 60(b) or why the [c]ircuit [c]ourt erred in entering the Rule 60(b) Order." Rather, the ICA determined that Elder's opening brief "directly challenge[d] Judge Ibarra's entry of the [December 17, 2015 Judgment]." The ICA did not explicitly address Elder's HRCP Rule 63 argument.[7]

## II. STANDARD OF REVIEW

### A. Subject Matter Jurisdiction

"Whether a court possesses subject matter jurisdiction is a question of law reviewable de novo." Hawaii Mgmt. Alliance Ass'n v. Ins. Comm'r, 106 Hawai'i 21, 26, 100 P.3d 952, 957 (2004) (citation omitted).

## III. DISCUSSION

This court accepted this case to tend to the boundaries of the courts' jurisdiction. On certiorari, Elder presents two points of error: (1) whether the ICA erred in affirming the March 10, 2016 Denial of his Rule 60(b) Motion,

---

Points not presented in accordance with this section will be disregarded, except that the appellate court, at its option, may notice a plain error not presented.

[7] The ICA nevertheless noted that its "review of the record indicate[d] that Elder only raised [issues 2 and 3] in his Rule 60(b) Motion."

and (2) whether the ICA erred in finding that Elder's opening brief failed to comply with HRAP Rule 28(b)(4). Although the ICA is correct that appellants are generally obligated to comply with the requirements of HRAP Rule 28(b)(4), the ICA erred in concluding that strict compliance is a necessity for it to exercise jurisdiction in this case. The ICA therefore possessed and should have exercised its jurisdiction over Elder's challenges to the March 10, 2016 Denial. Nevertheless, the ICA correctly determined that it lacked jurisdiction over Elder's remaining claims.

**A.    The ICA erred in affirming the March 10, 2016 Denial without considering the merits of Elder's Rule 60(b) Motion arguments.**

HRAP Rule 28(b)(4) requires appellants to provide in relevant part:

> A concise statement of the points of error set forth in separately numbered paragraphs. Each point shall state: (i) the alleged error committed by the court or agency; (ii) where in the record the alleged error occurred; and (iii) where in the record the alleged error was objected to or the manner in which the alleged error was brought to the attention of the court or agency.
>
> . . . .
>
> Points not presented in accordance with this section will be disregarded, except that the appellate court, at its option, may notice a plain error not presented.

Nevertheless, this court has long recognized the policy that litigants should be permitted to appeal and have their cases heard on the merits, where possible. Marvin v. Pflueger, 127 Hawai'i 490, 496, 280 P.3d 88, 94 (2012) (quoting

Morgan v. Planning Dep't, Cnty. of Kauai, 104 Hawai'i 173, 180-81, 86 P.3d 962, 989-90 (2004)).  "This is particularly so where the remaining sections of the brief provide the necessary information to identify the party's argument."  Id.  This is the case here.

Elder's brief as a whole provides sufficient information for the court to identify Elder's Rule 60(b) Motion arguments.  The ICA concluded that "Elder's opening brief does not indicate where in the record or the manner in which these respective points were raised in the [c]ircuit [c]ourt."  To the contrary, Elder cited his Rule 60(b) Motion in his Statement of the Case.  Elder also identified in his opening brief that he was appealing the March 10, 2016 Denial.  Notably, this was sufficient for the ICA to identify the issues and to pinpoint precisely where they were raised in the record, stating "[o]ur review of the record indicates that Elder raised points [2] and [3] in his Rule 60(b) Motion."

Furthermore, Elder fully briefed the issue of whether Judge Ibarra abused his discretion in denying the Rule 60(b) Motion.  The ICA determined that "none of Elder's arguments on appeal address the standards or requirements for relief under HRCP Rule 60(b) or why the [c]ircuit [c]ourt erred in entering the Rule 60(b) Order."  However, as noted above, Elder's Rule 60(b) Motion contended that relief from the December 17, 2015

11

Judgment was necessary because the judgment was based on a mistake of fact and inequitable and because of other reasons justifying relief. Elder's opening brief supported this argument by asserting that the circuit court abused its discretion by "improperly alter[ing] trial Judge Strance's [March 16, 2015] Judgment on Elder's claims against the Gundersons." Elder further argued that the circuit court "fail[ed] to recognize that the height limitation established at trial and recognized in Judge Strance's March 16, 2015 Final Judgment applie[d] to the entire special setback area." Consequently, Elder's opening brief sufficiently addressed the requirements for relief under HRCP Rule 60(b) and why the circuit court abused its discretion in denying the Rule 60(b) Motion. In turn, the ICA possessed jurisdiction to address the merits of Elder's Rule 60(b) Motion claims because Elder "provide[d] the necessary information to identify [his] argument." See Marvin, 127 Hawai'i at 496, 280 P.3d at 94.

**B. The ICA correctly determined that it lacked jurisdiction over Elder's other challenges.**

**1. Elder waived his argument regarding the circuit court's failure to comply with HRCP Rule 63.**

Elder waived his HRCP Rule 63 claim because he never raised it before the circuit court. "Generally, the failure to properly raise an issue at the trial level precludes a party from raising that issue on appeal." State v. Hoglund, 71 Haw.

147, 150, 785 P.2d 1311, 1313 (1990) (citation omitted). A review of the record confirms that Elder did not argue that an HRCP Rule 63 certification was required before Judge Ibarra could rule on either Elder's October 13, 2015 motion to enforce or his Rule 60(b) Motion. In fact, it was Elder who moved Judge Ibarra to exercise jurisdiction over the matter. As this court has agreed, "'[i]t will not do for a claimant to suppress his misgivings regarding [a decisionmaker's ability to preside over a matter] while waiting anxiously to see whether the decision goes in his favor.'" In re Water Use Permit Applications, 94 Hawai'i 97, 122, 9 P.3d 409, 434 (2000) (quoting Power v. Federal Labor Relations Auth., 146 F.3d 995, 1002 (D.C. Cir. 1998)). Under these circumstances, Elder waived his HRCP Rule 63 claim and the ICA did not err in holding that it lacked jurisdiction over the same. Hoglund, 71 Haw. at 150, 785 P.2d at 1313.[8]

2. **Elder failed to timely appeal the December 17, 2015 Judgment.**

On certiorari, Elder repeats his arguments directly challenging the December 17, 2015 Judgment. Nevertheless, Elder does not dispute the ICA's conclusion that Elder failed to

---

[8] Given that Elder waived his HRCP Rule 63 claim, Elder's opening brief cannot provide sufficient information to identify where in the record he first raised the claim. Elder consequently cannot point to anywhere in the record where he asserted that Judge Ibarra was required to issue a certification pursuant to HRCP Rule 63. Thus, although Elder provided sufficient information to salvage his appeal of the March 10, 2016 Denial, Elder's briefing could not be sufficient to preserve the HRCP Rule 63 claim.

13

timely appeal the December 17, 2015 Judgment.  The ICA was correct.

"An appellant's failure to file a timely notice of appeal is a jurisdictional defect that can neither be waived by the parties nor disregarded by the court in the exercise of judicial discretion."  Wong v. Wong, 79 Hawai'i 26, 29, 897 P.2d 953, 956 (1995).  In general, a notice of appeal must be filed within thirty days of the entry of a final judgment.  HRAP Rule 4(a)(1).[9]  The deadline may be tolled by the filing of certain

---

[9]    HRAP Rule 4(a) (2016) provides in relevant part:

Appeals in civil cases.

(1) Time and place of filing.  When a civil appeal is permitted by law, the notice of appeal shall be filed within 30 days after entry of the judgment or appealable order.

. . . .

(3) Time to appeal affected by post-judgment motions. If any party files a timely motion for judgment as a matter of law, to amend findings or make additional findings, for a new trial, to reconsider, alter or amend the judgment or order, or for attorney's fees or costs, and court or agency rules specify the time by which the motion shall be filed, then the time for filing the notice of appeal is extended for all parties until 30 days after entry of an order disposing of the motion.  . . .

(4) Extensions of Time to File the Notice of Appeal.

(A)     Requests for Extensions of Time Before Expiration of the Prescribed Time.  The court or agency appealed from, upon a showing of good cause, may extend the time for filing a notice of appeal upon motion filed within the time prescribed by subsections (a)(1) through (a)(3) of this Rule. However, no such extension shall exceed 30 days past such prescribed time.  . . .

(continued . . .)

post-judgment motions. HRAP Rule 4(a)(3). Alternatively, the appellant may seek a thirty-day extension. HRAP Rule 4(a)(4). As relevant here, an HRCP Rule 60(b) motion does not toll the deadline for filing a notice of appeal. Compare HRAP Rule 4(a)(1), with HRCP Rule 60(b).

Elder did not timely appeal the December 17, 2015 Judgment, depriving the ICA of jurisdiction over any direct challenge. The circuit court entered its amended judgment on December 17, 2015. Elder did not file any post-judgment motions that would toll the deadline to file a notice of appeal, nor did Elder request an extension. Instead, Elder filed his non-tolling HRCP Rule 60(b) Motion on January 14, 2016, twenty-eight days later. Ultimately, Elder filed his notice of appeal to the ICA on March 30, 2016, 104 days after the December 17, 2015 Judgment and well outside the thirty-day timeframe provided for by HRAP Rule 4(a)(1). Elder consequently failed to timely appeal the December 17, 2015 Judgment and the ICA did not err in

---

(B) Requests for Extensions of Time After Expiration of the Prescribed Time. The court or agency appealed from, upon a showing of excusable neglect, may extend the time for filing the notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by subsections (a)(1) through (a)(3) of this Rule. However, no such extension shall exceed 30 days past the prescribed time. . . .

15

concluding that it lacked jurisdiction over the related claims. See Wong, 79 Hawai'i at 29, 897 P.2d at 956.

## IV.  CONCLUSION

For the foregoing reasons, the ICA erred in affirming the circuit court's March 10, 2016 Denial without addressing the merits of Elder's related claims.  However, the ICA did not err in determining that it lacked jurisdiction over Elder's other claims.

Therefore, we affirm in part and vacate in part the ICA's March 6, 2020 judgment on appeal, which affirmed the circuit court's March 10, 2016 "Order Denying Plaintiff Jerry Elder as Trustee of the Elder Trust's Motion for Relief From First Amended Final Judgment," and remand the case to the ICA for further proceedings consistent with this memorandum opinion.

DATED:  Honolulu, Hawai'i, May 13, 20121.

Terrance M. Revere
and Clarisse M. Kobashigawa
for petitioner

Randall K. Schmitt
and Jordon J. Kimura
for respondents
Robert V. Gunderson, Jr.
and Anne D. Gunderson

John D. Zalewski, Michelle J.
Chapman and Robert Triantos for
respondent The Bluffs at Mauna
Kea Community Association

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Michael D. Wilson

/s/ Rowena A. Somerville

